## John F. Gilbert, et al. v. Town of Brookfield

[356 A.2d 524]

No. 121-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed April 6, 1976

*Young & Monte,* Northfield, for Plaintiff.

*Thomas F. Heilmann* of *Richard E. Davis Associates, Inc.,* Barre, for Defendant.

**Larrow, J.** Petitioners, three freeholders of the Town of Brookfield, owning property on Town Highways No. 37 and No. 57 in that town, petitioned the Orange Superior Court under 19 V.S.A. § 461 and § 931, seeking to have those highways reclassified from Class 4 to Class 3, invoking the procedures outlined by reference in § 931(2), as amended by No. 63, § 20, of the Acts of 1973, effective April 14, 1973.

The trial court, with a different presiding judge, appointed commissioners under 19 V.S.A. § 422 instead of § 462. This error has not been raised by the parties, and does not affect

any substantive rights, since the persons appointed were qualified under either section, and the court eventually made new findings and an order different from the one proposed by the commissioners.

The trial court, after making findings on the evidence presented, found that the Town of Brookfield had employed discriminatory standards in classifying Town Highways No. 37 and No. 57 as Class 4 highways; that the other highways within the Town serving two or fewer full-time residents, and other highways presenting similar maintenance problems, have either been classified Class 3, or, if classified Class 4, have been maintained at all seasons; and that any impediments to routine maintenance were within the capabilities of the Town without undue burden or expense. It ordered reclassification of the highways in question to Class 3, as defined by 19 V.S.A. § 17(a)(3).

Subsequent to appeal by the Town, on November 24, 1975, the trial court ordered the Town to effect winter maintenance operations on the roads in question using the same equipment and scheduling employed on Class 3 roads in the same general area of the Town. On argument, the parties were in dispute as to whether there had been compliance with this order.

Underlying all of the outlined litigation is the primary issue of whether the petitioners can get the Town to keep their roads open in winter. They are town highways; they have never been abandoned; some repairs on them have been made. They are the only practicable access to petitioners' dwellings.

The Town has briefed several grounds of error in its appeal. We consider them hereinafter in the order presented.

■ The first claim of error is directed to an asserted lack of evidentiary support for the court's findings and conclusions, particularly those directed to its conclusion that the Town had employed discriminatory standards of classification. We will not recite the evidence at length. Suffice it to say that it was contradictory, but, viewed favorably to the petitioners, it supports the findings objected to. The court was justified in finding, as it did, that other roads, with terrain and construction features equally difficult, were maintained by the Town at all seasons; that these highways could also be so maintained without undue burden and with equipment

readily available. It was justified, upon the evidence, in rejecting the Town's claims to the contrary, and in finding that the highways in question were travelled highways meeting the minimum standards suggested in 19 V.S.A. § 17(a)(3)(B), including negotiability under normal conditions at all seasons by a standard pleasure car.

Particular error is claimed with respect to a specific finding of the court (No. 23) that the highways in question were classified by the Town as Class 4, effective July 1, 1974. Appellant claims that the evidentiary record is completely silent on this question. The short answer to this contention is that the classification was alleged by petitioners and admitted by the pleadings. Petitioners sought reclassification from Class 4 to Class 3 for public good and convenience; the Town denied the necessity for reclassification, and did not deny that the highways were classified as Class 4. Under the provisions of V.R.C.P. 8(d), applicable to these proceedings under V.R.C.P. 81, the petitioners' averments stand admitted when not denied in a responsive pleading.

Appellant vigorously attacks the conclusion of the trial court that it used discriminatory standards in classifying the highways here in question. We consider that conclusion amply justified. In all important respects these highways are indistinguishable from others which the Town has elected to repair, maintain and keep open during the winter, yet it has sought to avoid its obligation with respect to them. Difficulty of snow removal is its principal asserted reason, but the court found this claim without factual basis. We cannot construe the pertinent statutes as giving the selectmen arbitrary authority to grant and to withhold Class 3 classification. To do so would render the enactments unconstitutional. Cf. *St. Johnsbury* v. *Aron*, 103 Vt. 22, 28, 151 A. 650 (1930). The record strongly suggests that personal elements may well have influenced a decision which should be one of policy, with a quoted statement by one selectman that they wanted no more teachers living in far corners of the town. One of the petitioners is a college teacher.

Appellant's last claim is that the petitioners are barred from relief under the doctrine of election of remedies. They showed below that petitioner Gilbert, prior to this proceeding, filed a complaint with the Orange County road commissioners

under 19 V.S.A. § 1331, seeking to enforce repairs on the roads in question, and received an adverse decision. This evidence was admitted over objection.

■ ■ The defense in question is an affirmative defense in the nature of waiver, and it was not pleaded as required by V.R.C.P. 8(c). Even if pleaded, it does not appear to be applicable to all of the petitioners. Nor does it appear that the remedy under 19 V.S.A. § 931, reclassification of a highway, and that available under 19 V.S.A. § 1333, specified repairs subject to a prescribed monetary limit, are inconsistent with each other. They may be concurrently or consecutively pursued, and as such are not subject to the doctrine of election of remedies. Cf. 25 Am.Jur.2d *Election of Remedies* § 13, at 656.

Appellant's several claims of error are not sustained, and the judgment below must be affirmed. One further matter, however, remains for our consideration, presented by the interim order entered below directing winter maintenance operations to be continued pending appeal and our entry order of January 20, 1976, denying appellees' motion to dismiss and providing for assessment of terms against the appellant following hearing on the merits. While we might proceed by reference to determine what damages, if any, were sustained by appellees by reason of the appellant's failure to timely brief its appeal, it seems apparent that those damages would be in the nature of costs of winter maintenance on the highways in question, occasioned by failure, if any, of the appellant to comply with the provisions of the interim order at the trial level. We will, therefore, remand to the trial court for disposition of this issue.

*Judgment affirmed, with costs to the appellees in this Court, and cause remanded to the Orange Superior Court for determination and assessment by it of damages sustained by appellees from failure of the appellant, if any, to comply with the order of November 24, 1975.*