### Gallagher Lumber Company v. Andrew Shapiro

[400 A.2d 984]

No. 119-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 3, 1979

*Rice & Knosher*, Montpelier, for Plaintiff.

*Gaston & Durrance*, Montpelier, for Defendant.

**Barney, C.J.** This is a suit by the plaintiff building supply company, Gallagher Lumber Company, to recover a balance claimed due for materials furnished the defendant, Andrew Shapiro, an architect, in connection with construction work done on both his office and the house in which he lives. The defense of accord and satisfaction was pleaded, based on a check received and cashed by the plaintiff representing defendant's claim as to the true balance due. The trial court denied the claim of accord and satisfaction and gave the plaintiff judgment for the balance remaining after the proceeds of the check in question were applied.

The disputed balance arose because the defendant claimed to be entitled to a fifty percent discount on certain windows used in both his office and house. The plaintiff did not dispute but that there may have been some such discount arrangement between the manufacturer and the defendant, but insisted the plaintiff company was not a party to it. The defendant's remedy, contended the plaintiff, was to recoup the discount from the manufacturer based on the invoices from the plaintiff. In any event, it was this fifty percent discount amount that represented the difference between the plaintiff's claim and the defendant's offer to pay.

After the dispute had gone on for some time, the defendant sent the plaintiff a check representing the balance claimed by the lumber company less the discount claimed by the defendant. On the check was written the following statement:

"all charges thru 12/31/72." The check was accompanied by a letter indicating that the enclosed check for $939.88 was to cover all charges through December 31, 1972. This date embraced the disputed charges and that issue is not contested.

After receiving the check, Mr. Gallagher, on behalf of his company, called the defendant and indicated that he would not accept the check as being in full satisfaction of the account. It is beyond dispute, however, that the check was retained and that, after the phrase indicating it was in full of the account was inked out by Mr. Gallagher, the check was negotiated and the $939.88 applied to the defendant's claimed outstanding indebtedness to the plaintiff.

The law of this state is such that, without more, a defense of accord and satisfaction must prevail on the foregoing facts. This rule is not affected by the Uniform Commercial Code. See 1 V.S.A. § 271; 9A V.S.A. § 1—103. The leading case on the matter is *Curran* v. *Bray Wood Heel Co.*, 116 Vt. 21, 68 A.2d 712 (1949). In that case the check in question carried a similar notation indicating it was intended in full payment of a disputed claim. Unlike the present case, the check was never presented for payment, but merely retained. Nevertheless, the opinion of this Court, at page 31, clearly stated: "The check as kept and retained by the plaintiff in this case constituted an accord and satisfaction as a matter of law and the motion for a directed verdict should have been granted."

To relieve itself from this otherwise dispositive doctrine, the plaintiff relies on a finding below which it asserts has evidentiary support. The particular finding states, in essential part: "As a result of the discussion between the parties, Mr. Gallagher scratched out the notation 'all charges thru 12/31/72' on the front of the check and negotiated the check with the understanding that it was not to be considered as full payment of the account."

There is no doubt but that, by consent of the defendant, the effect of his statement on the check in question could be put aside as between the parties. The finding quoted suggests that some such consent was given. It must be said that there is no evidence anywhere in the record that the defendant waived, in any way, the effect of his characterization of his tendered

142

payment. It was acknowledged on argument there was no testimony that the defendant at any time agreed to release the condition stated on his check. The only claim the witness Gallagher made with reference to an acknowledgment of a balance due beyond the tendered check related not to any conversation but to the letter accompanying the check. When further examination was conducted in the light of the language of the letter as an exhibit, even this contention came to naught.

With the evidence standing as it does, the conclusion follows that there was an accord and satisfaction as a matter of law under *Curran* v. *Bray Wood Heel Co., supra.* The lack of consent to the change on the check may also have brought into play the alteration provisions of the commercial code. 9A V.S.A. § 3—407. But that, as well as the defendant's other claims of error, including the summary judgment issues, are all overridden and of little consequence in the presence of complete accord and satisfaction. For that reason we need not spend time with them here. The defendant is entitled to judgment in his favor, with costs, and the cause will be remanded for its entry below.

*Judgment reversed and cause remanded for entry of judgment for the defendant.*