**Don H. Catlin, M.D., William S. Giles, and Jane W. Thompson**

**v. Town of Hartland**

[409 A.2d 596]

No. 128-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed December 4, 1979

*Niles, Johnson & Gibbs,* Woodstock, for Plaintiffs.

*F. J. Glover,* Ludlow, for Defendant.

**Per Curiam.** Denied relief by the selectmen of the Town of Hartland, the appellees here brought an action under 19 V.S.A. §§ 461 and 931 to the Windsor Superior Court, seeking to have a section of Highway No. 24 in that town reclassified from Class 4 to Class 3. They were owners of three permanent dwellings on the road in question, one of which was occupied year round. After receiving a commissioners' report and taking additional evidence by way of stipulation, the trial court reclassified the highway as requested, and the

Town appeals, claiming that the evidence does not support the result.

A review of the record discloses a factual situation on all fours with *Gilbert* v. *Town of Brookfield*, 134 Vt. 251, 356 A.2d 524 (1976). Squarely on point is the language of that decision:

> In all important respects these highways are indistinguishable from others which the Town has elected to repair, maintain and keep open during the winter, yet it has sought to avoid its obligation with respect to them. Difficulty of snow removal is its principal asserted reason, but the court found this claim without factual basis. We cannot construe the pertinent statutes as giving the selectmen arbitrary authority to grant and to withhold Class 3 classification. To do so would render the enactments unconstitutional. (Citation omitted.)

*Id.* at 253, 356 A.2d at 526.

The appellant stresses that the road here in question could not be found to be identical to other town highways either classified or maintained as Class 3. The parties stipulated that these other highways had similar characteristics as to grade, ledge, and narrowness. Discrimination in their maintenance is, we think, correctly inferred from these similarities and conceded unevenness of treatment. We know, however, of no requirement that comparable highways be "identical." To infer such a requirement, impossible of achievement, would be to render nugatory the whole statutory scheme.

Moreover, the trial court clearly assigned alternative grounds for the result which it reached. Besides finding discrimination, it found the classification standards of 19 V.S.A. § 17, incorporated by reference into 19 V.S.A. § 931(2), to have been met. In effect, the trial court justified its reclassification on both discrimination and the compliance with statutory standards for reclassification, even in the absence of discrimination. This alternative basis for decision is not attacked by appellant's brief. Challenge of possible error in the court's independent basis of decision is thereby waived. *Quazzo* v. *Quazzo*, 136 Vt. 107, 111, 386 A.2d 638, 641 (1978).

Because of the impending approach of the winter season and the consequent desirability of speedy decision, we will certify our entry forthwith.

*Judgment affirmed. To be certified forthwith.*