# R. Brown & Sons, Inc. and Robert B. Brown and Jeannette Brown, Individually and as Husband and Wife v. Credit Alliance Corporation

[473 A.2d 1168]

No. 82-419

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed February 3, 1984

*John A. Burgess,* Berkeley, California, for Plaintiffs-Appellants.

*Glenn S. Morgan* and *James B. Anderson* (On the Brief) of *Ryan Smith & Carbine, Ltd.,* Rutland, for Defendant-Appellee.

**Billings, C.J.** Plaintiffs and defendant appeal from an order rendered by the Chittenden Superior Court on plaintiffs' action for injunctive relief and declaration of rights concerning loans from the defendant to the plaintiffs and the collateral used to secure the loans. The court ordered judgment for the defendant in the amount of $70,498.08 against all plaintiffs covering principal, late charges and reasonable attorney fees. In addition, the court declared that the individual plaintiffs were entitled to a discharge of the mortgage on their home held by the defendant. On appeal, plaintiffs contend that: (1) the loans made to the plaintiff corporation (corporation) by defendant were in contravention of Vermont's usury law, 9 V.S.A. § 41a; (2) late charges of $10,319.34 were incorrectly calculated by the trial court; (3) promissory notes executed by the plaintiff corporation were void because not in compliance with the bold type requirements of 9 V.S.A. § 102. Defendant appeals the court's order discharging its mortgage on the individual plaintiffs' personal residence.

In 1975 the plaintiff corporation executed two purchase money security agreements in favor of the defendant for the purchase of two pieces of equipment for use in its car-crushing business. In 1977, because the corporation was in default on both loans, defendant agreed to refinance. The corporation executed a promissory note in favor of the defendant in the amount of $79,607.54, which represented the outstanding indebtedness from the loans and finance charges. The note was secured by a chattel mortgage on the corporation's machinery, inventory and accounts. Plaintiffs Robert Brown and Jeannette Brown, individually, signed both an endorsement and a personal guaranty of the corporation's promissory note.

In 1978, the corporation borrowed an additional $15,000 from defendant; it executed a second promissory note which was,

again, endorsed by the individual plaintiffs. The individual plaintiffs also executed, in conjunction with the $15,000 loan, a second real estate mortgage, in favor of the defendant, on their personal residence. In 1979, responding to a statement sent by defendant of the balance due on the 1978 promissory note, plaintiff Robert Brown remitted a check for $631.86. The plaintiff noted on the check that it was a "Final Payment— H.M."; he enclosed the check with a letter that also indicated that the $631.86 represented the final payment on the 1978 $15,000 loan, and requested that the defendant discharge the mortgage. Defendant cashed the check but refused to discharge the mortgage, claiming that it not only covered the $15,000 loan but also the outstanding indebtedness from the 1975 and 1977 loans.

■■ We address the defendant's claim first. "It is [a] well settled rule that, if one who has a disputed claim against another accepts and retains a less amount than he claims is due which is offered by the other in full settlement of such claim it operates as an accord and satisfaction of such claim, and further controversy respecting it is ended." *Curran* v. *Bray Wood Heel Co.*, 116 Vt. 21, 24–25, 68 A.2d 712, 715 (1949). Here, the evidence supports the trial court's conclusion that "[h]aving accepted and cashed the plaintiffs' check, with full knowledge of the dispute and the conditions under which it was tendered, defendant is obligated to discharge the mortgage and note in question." The individual plaintiffs believed that the mortgage on their home, in favor of the defendant, was intended to secure their 1978 loan of $15,000, and not as additional collateral for the entire indebtedness of both the $15,000 loan and the 1975 and 1977 loans to the corporation. They conveyed this to the defendant by noting on the check that the $631.86 was a final payment, and by stating, in the accompanying letter, that "[t]his is the final payment of indebtedness of any kind whatsoever to you" on the second mortgage. Under these conditions, defendant cashed the check and retained the proceeds. The trial court correctly found an accord and satisfaction on these facts. *Union Bank* v. *Jones*, 138 Vt. 115, 124, 411 A.2d 1338, 1343–44 (1980) ; *Gallagher Lumber Co.* v. *Shapiro*, 137 Vt. 139, 141–42, 400 A.2d 984, 986 (1979).

Plaintiffs' first argument on appeal is that all the loans from the defendant to them were usurious. Under 9 V.S.A. § 41a, the rate of interest for the forebearance or use of money shall be twelve percent per annum computed by the actuarial method. Evidence at trial indicated that the interest on the corporation's 1977 refinanced loan was between seventeen and eighteen percent, and that the interest on the 1978 loan was approximately fifteen percent. Under 9 V.S.A. § 46(2), when there are

> obligations incurred by any person, partnership, association or other entity to finance in whole or in part income-producing business or activity . . . the parties may contract for a rate of interest in excess of the rate provided in . . . section 41a . . . .

The 1975 loans, refinanced in 1977, and the 1978 loan were incurred to finance, in whole or in part, the corporation's car-crushing business, and therefore, the loans clearly fall within the exception to the usury law.

Plaintiffs next claim that the order awarding defendant $10,319.34 in late charges, computed at 7,701 late days at $1.34 per day, was incorrect. They contend that the defendant admitted on the record, during a pretrial hearing, that plaintiffs were not in default on the 1977 refinanced loan prior to December 1, 1980, thus reducing the number of late days to 574. We do not reach this issue, however, because plaintiffs never objected at the time of trial to the defendant's evidence concerning pre-December 1980 late charges, and it is therefore not before us on appeal. *Pope* v. *Town of Windsor*, 140 Vt. 283, 286, 438 A.2d 388, 390 (1981).

Plaintiffs' last claim is that the promissory notes executed by the corporation are void because they do not comply with the bold type requirements of 9 V.S.A. § 102. Plaintiffs raised this issue for the first time in their requests to find and accompanying memoranda. However, we agree with the defendant that plaintiffs are claiming a violation of 9 V.S.A. § 102 in order to avoid their obligations under the notes. Under V.R.C.P. 8(c), a matter raised constituting an avoidance is an affirmative defense and must be affirmatively pled. Affirmative defenses not specifically pled in response to a preceding plead-

ing are waived. *Frigon* v. *Whipple*, 134 Vt. 376, 378, 360 A.2d 69, 70 (1976).

Even if the plaintiffs had followed the correct pleading procedure, 9 V.S.A. § 102 applies only to co-signers of notes. In the instant case, the individual plaintiffs signed the corporation's notes not as co-signers, but as endorsers and guarantors.

*Affirmed.*