# Marilyn L. Spaulding v. John G. Cahill and Janet A. Cahill

[505 A.2d 1186]

No. 83-245

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Costello, D.J. (Ret.), Specially Assigned**

Opinion Filed December 6, 1985 as amended. Originally filed July 19, 1985

Motion for Reargument Denied December 6, 1985

*Robert P. Gerety, Jr.*, of *Plante, Richards, Terino & Hanley*, White River Junction, for Plaintiff-Appellee.

*Law Offices of Robert J. O'Donnell*, Woodstock, for Defendants-Appellants.

**Gibson, J.** Following trial by court, defendants appeal a judgment grounded on a compromise settlement of a disputed real estate broker's commission. We affirm.

Plaintiff brought suit for a $10,720 commission on the sale of defendants' property, claiming that, although the sale was eventually completed by another broker, the customer had originally been contacted by her. The court denied recovery on the claim, holding that plaintiff failed to establish that she had been the procuring cause of the sale. However, although not raised by the initial pleadings, the evidence at trial indicated that, prior to filing of the lawsuit, defendant John Cahill had orally offered $5000 to resolve plaintiff's claim against defendants and plaintiff had accepted the offer. At the close of plaintiff's case, she moved to amend the pleadings, in conformance with the evidence, V.R.C.P. 15(b), to allege an oral settlement agreement between the parties; defendants made no objection to the motion. On this basis, the court found that a valid "compromise and settlement" agreement between the parties had been reached, and it awarded judgment to plaintiff for the agreed amount. After post-trial motions, defendants appealed to this Court, raising two challenges.

## I.

First, defendants claim that, as a general rule, the filing of a suit on an underlying claim rescinds a "compromise and settlement" agreement.

A compromise settlement of a disputed claim is enforceable if there is sufficient consideration to support the agreement. 6 A. Corbin on Contracts § 1271, at 86 (1962). Compromise of a doubtful claim is sufficient consideration to support such an agreement, as long as the claim is based on reasonable grounds honestly entertained. *Howard* v. *Howard*, 122 Vt. 27, 32, 163 A.2d 861, 865 (1960); *Alexander* v. *Chevalier*, 98 Vt. 230, 233, 126 A. 498, 499 (1924).

Until the terms of such an agreement are satisfied, duties under the original claim are suspended; if there is a breach of the settlement agreement, however, the nonbreaching party may seek enforcement of either the original claim or the settlement agreement. Restatement (Second) of Contracts § 281(2) (1981); see also

*Ladd* v. *General Insurance Co.*, 236 Or. 260, 267, 387 P.2d 572, 576 (1963); Corbin, *supra*, § 1271, at 93-94; Restatement of Contracts § 417(d) (1932).

In this case, the trial court found that, although the parties had agreed to settle their differences for the sum of $5000, defendants never made a payment to plaintiff during the 7½-month period prior to the filing of the lawsuuit. This breach of the settlement agreement entitled plaintiff to seek redress under either that agreement or the contract it had replaced. Restatement (Second) of Contracts, *supra*, § 281(2).

Vermont's simplified pleading practice, embodied in the civil rules, allows a party to present inconsistent claims and demand relief in the alternative or of several different types. V.R.C.P. 8(a). E.g., *Anello* v. *Vinci*, 142 Vt. 583, 586, 458 A.2d 1117, 1119 (1983). Thus, the court could grant relief on the settlement agreement, tried by implied consent, even though it rejected plaintiff's commission claim.

Defendants contend, however, that plaintiff made an irrevocable election of remedies when she brought suit for the broker's commission. Election of remedies is an affirmative defense which must be pleaded and proved. *Gilbert* v. *Town of Brookfield*, 134 Vt. 251, 254, 356 A.2d 524, 526 (1976); *Abbadessa* v. *Tegu*, 122 Vt. 345, 349, 173 A.2d 581, 584 (1961). "Affirmative defenses not specifically pled in response to a preceding pleading are waived." *R. Brown & Sons, Inc.* v. *Credit Alliance Corp.*, 144 Vt. 142, 145-46, 473 A.2d 1168, 1170 (1984).

In this case, the issue of whether or not there had been a settlement agreement was tried without objection and thus became a part of the case. See *Town of Shelburne* v. *Kaelin*, 136 Vt. 248, 251, 388 A.2d 398, 400 (1978). It then became incumbent upon defendants to place their objections and any affirmative defenses on the record so they might be considered by the trial court. Defenses not based on lack of subject matter jurisdiction must be raised in timely fashion to be preserved. *In re Stocker*, 133 Vt. 161, 163, 333 A.2d 92, 93 (1975).

Defendants first brought the election-of-remedies issue to the attention of the court in their motion to alter or amend findings of fact, conclusions of law and order, after the court had issued its decision. This Court has held that bringing such an issue before the court for the first time in a party's requests to find an accompanying memorandum is insufficient. *R. Brown & Sons,*

*Inc., supra,* 144 Vt. at 145-46, 473 A.2d at 1170. Defendants' request, however, came even later in time. Thus, defendants waived the issue and are precluded from pursuing it on appeal.

## II.

Defendants also challenge the finding that a $5000 agreement had been reached, presenting two arguments in support of their contention.

■ First, they claim the evidence clearly indicates that plaintiff knew defendants' $5000 offer was conditioned upon the purchaser's payment of an additional $5000 — a condition that did not occur. However, the court heard extensive testimony by plaintiff that defendant John Cahill offered unconditionally to pay $5000 to settle the dispute, and that plaintiff accepted. The fact that contrary evidence also appears in the record does not support a claim of error, because the court is free to choose which evidence it finds persuasive. *Darken* v. *Mooney,* 144 Vt. 561, 568, 481 A.2d 407, 412 (1984). The court's finding is not clearly erroneous. V.R.C.P. 52(a).

■ Second, defendants claim that defendant John Cahill's offer was based on his mistaken belief that the purchaser would pay an additional $5000 and that this mistake as to facts renders the agreement null and void. Relief is not available where a mistake is due to one's own negligence or inattention, unless unusual circumstances would make enforcement manifestly unjust. See *Town of Lyndon* v. *Burnett's Contracting Co.,* 138 Vt. 102, 107, 413 A.2d 1204, 1207 (1980). No unusual circumstances have been made to appear in this case.

*Affirmed.*