¶ 24.
Dooley, J.,
concurring and dissenting. I agree with the majority that petitioner cannot challenge the power of the Board to order an irrevocable revocation of her license because petitioner stipulated to this relief. Indeed, petitioner stipulated to more: “Respondent expressly agrees that hereinafter the Board may and shall return to her without action or obligation of due process of any kind any application, motion, petition, or other writing from her with regard to licensure, reinstatement, or relicensure.” Despite its holding and the provision of the stipulation, the majority reverses the denial of license reinstatement for lack of findings and a statement of reasons. In the absence of any standards for reinstatement, and in light of the stipulation that the Board “may and shall” return the petition “without action or obligation of due process of any kind,” I think the majority is imposing an unnecessary and pointless burden on the Board, which simply enforced the terms of the 2005 stipulation and order as they were written, as they were asked to do by the State. I would affirm.
*12 ¶ 25. I am writing, however, to emphasize that the terms of the stipulation require more than so far has been recognized if the Board goes further than denying the request for reinstatement as inconsistent with its 2005 order. While, as the State has conceded, the Board has the power to reinstate petitioner to medical practice despite the 2005 order, the petition for reinstatement was a violation of the 2005 stipulation, which states: “Respondent agrees and warrants that at no time hereafter shall she seek by any means licensure, reinstatement, or relicensure as a physician in the State of Vermont, regardless of circumstances or the passage of time.” The stipulation is a contract between petitioner and the State to settle the twenty-five-count specification of charges the State filed in 2004. See Marble Bank v. Heaton, 160 Vt. 188, 192, 624 A.2d 365, 367 (1993) (observing that stipulation is contractual and governed by contract rules). By entering into the settlement contract, petitioner avoided facing those charges and the result of the adjudication of those charges. The substantive basis of petitioner’s request for reinstatement has always been that, as of the date of her letter of request to the Board, her life is in “a very different place” from where it was when the suspension occurred and a physician’s license would “increase opportunities in [her] present work” as an architect of medical facilities and allow her to get into “disaster relief.” This was a request to obtain all the benefit from the 2005 stipulation, leaving behind the conduct that caused the charges against her and returning to practice as if nothing had ever occurred. It was also a request for the Board to ignore her breach of the stipulation contract.
¶ 26. Violation of the stipulation gives the State the power to reopen the 2004 proceedings and proceed to hearing on the twenty-five-count complaint. See Spaulding v. Cahill, 146 Vt. 386, 388, 505 A.2d 1186, 1188 (1985) (stating that when settlement agreement is breached nonbreaching party may enforce either original claim or settlement agreement). While acknowledging the extraordinary burden placed on the State, the majority appears to agree with this right of the State.
¶ 27. I believe we have to go further in enforcing the right of the State in view of the fact that the events that gave rise to the professional misconduct complaint occurred more than ten years ago. Again, only if the Board decides in response to the remand to go beyond a dismissal of the petition, I believe that petitioner *13 must be required to either admit the charges in the 2004 complaint or enter into a new stipulation acceptable to the State detailing her conduct in 2004 and earlier that breached the Code of Medical Ethics, the terms of her medical license or any other legal or professional norms. This action would establish the proper starting point from which to consider whether the public would be properly protected if petitioner’s license were restored.
¶ 28. I am authorized to state that Justice Morse (Ret.) joins this concurrence and dissent.