K.M.H., APPELLANT, V. LUTHERAN GENERAL HOSPITAL ET AL., APPELLEES.

431 N.W.2d 606

Filed October 28, 1988.   No. 87-742.

David Hicks, of Pollak & Frank, and, on brief, Walter M. Calinger for appellant.

Jerald L. Rauterkus, of Erickson & Sederstrom, P.C., for appellees.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and HOWARD, D.J., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

Plaintiff appeals from a summary judgment entered in favor of defendants Lutheran General Hospital and Lutheran Medical Center in a contract case wherein plaintiff, a hospital patient, claims the terms of an implied contract requiring defendants to provide privacy, safety, and security were breached when she was sexually assaulted by a male nurse employee of the hospital. Plaintiff claims error in that there are genuine material fact issues remaining. We reverse and remand for further proceedings.

Neb. Rev. Stat. § 25-1332 (Reissue 1985) provides that a summary judgment shall be granted "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Summary judgment is an extreme remedy to be awarded only when the issue is clear beyond all doubt. It is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from material facts, and when the moving party is entitled to judgment as a matter of law. *Chadd v. Midwest Franchise Corp.*, 226 Neb. 502, 412 N.W.2d 453 (1987).

Concurrently with this case, plaintiff filed in the same court a

companion case in tort against the same defendants, alleging the same basic facts. That action was also dismissed on summary judgment.

The petition alleges that plaintiff entered the hospital as a surgery patient on November 26, 1983, where she remained as a patient until discharged on January 6, 1984. Upon her admission to the hospital, there was a professional contract with the defendants whereby they agreed to provide plaintiff "a private, safe, secure, environment for her care and to protect her privacy, safety and security." There are no allegations of consideration, and it is assumed that the alleged terms are somehow implied. While still a hospital patient occupying private room 532, on January 5, 1984, plaintiff received pain and sleeping medication in the late hours. About 3 a.m. on January 6, 1984, she was awakened by an employee of the hospital dressed in hospital uniform, later identified as Thomas Eckles, who touched her and announced the purpose was a "bed check," then sexually assaulted plaintiff. Plaintiff alleges defendants breached the professional contract in six particulars that we summarize as (1) neither providing for nor protecting plaintiff's privacy, safety, and security by staff, facilities, or otherwise; and (2) failing to provide the required degree of care to protect plaintiff from sexual indecencies by male personnel, considering her weakened and stressful condition. The prayer was for special and general damages. The petition contains some allegations appropriate in tort; however, such do not change the theory of the contract action. *Lincoln Grain v. Coopers & Lybrand*, 216 Neb. 433, 345 N.W.2d 300 (1984). Defendants answered by a general denial followed by their motion for summary judgment, which, after hearing, was granted. For the purpose of the motion, defendants admitted that an intentional tort had been committed by Eckles.

The evidence adduced at the summary judgment hearing is summarized. By affidavit and supporting documents, defendants show that proper and acceptable procedures were followed by the hospital in hiring Eckles and, if plaintiff was assaulted by Eckles, that such act by Eckles was not in the performance of his assigned duties at the time; therefore, defendants were not liable on the theory of respondeat superior.

Plaintiff's affidavits and supporting documents attempted to discredit defendants' defense theories by showing that staff nurses in hospitals are expected and required to assist all patients in a hospital by tasks such as bed checks, answering call lights, and helping patients in and out of chairs and beds, whether or not nurses are assigned to the area where the patient is found. It also included a copy of a letter dated January 16, 1984, signed by Thomas Eckles, stating that he did not assault plaintiff and that he was not in her room at the alleged time and place, but that he passed room 532 on four occasions on the night of the alleged assault.

The party moving for summary judgment must make a prima facie showing that if the evidence were uncontroverted at trial, he or she would be entitled to judgment as a matter of law. Such a showing shifts the burden of producing evidence as to a factual issue to the party opposing the motion. The court then views the evidence in a light most favorable to the party opposing the motion, and decides only whether there is an issue of fact, not how such an issue should be decided. *Smith v. Weaver*, 225 Neb. 569, 407 N.W.2d 174 (1987).

Throughout their brief, defendants argue that the issues presented at the hearing were whether defendants were responsible for an intentional tort of an employee and whether the hospital was negligent in the hiring and supervision of that employee; further, they argue that the summary judgment should be sustained as demonstrated by their evidence that Eckles committed an intentional tort that was clearly shown not to be within the scope of his employment, citing *Strong v. K & K Investments*, 216 Neb. 370, 343 N.W.2d 912 (1984).

It is true that the evidence did generally relate to alleged tortious acts of Eckles; however, it is not necessary to determine whether this evidence supports the summary judgment. Rather, our attention is first directed to the petition, which on its face shows that there are genuine questions of material fact remaining. "In order to recover on an action for a breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, [and] damage . . . ." *Department of Banking, Receiver v. Wilken*, 217 Neb. 796, 799, 352 N.W.2d 145, 147 (1984). The petition appears to allege in general terms

an implied contract, imposing upon the hospital the duty and obligation to provide plaintiff a private, secure environment for her care and to protect her privacy, safety, and security. The facts and circumstances creating the implied promise, together with the duties and obligations to be performed, are material fact questions whether the same are oral, express, assumed, or imposed by law; or, as stated in a 1914 case, "A patient is generally admitted to a hospital . . . under an implied obligation that he shall receive such reasonable care and attention for his safety as his mental and physical condition . . . may require." *Wetzel v. Omaha Maternity & General Hospital Ass'n*, 96 Neb. 636, 640, 148 N.W. 582, 583 (1914).

Summary judgment should not be used to deprive a litigant of a formal trial if there is a genuine issue of fact. . . .

. . . .

. . . Without that prima facie showing, a plaintiff faced with a motion for summary judgment is not required to reveal the evidence he expects to produce to prove the allegations of the petition.

*Hanzlik v. Paustian*, 211 Neb. 322, 327-28, 318 N.W.2d 712, 716 (1982).

Plaintiff was not obligated to supply any other information at the hearing. There being genuine issues of material fact remaining, the judgment was in error. The summary judgment is set aside, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.