MICHAEL M. CROWLEY AND JOYCE CROWLEY, HUSBAND AND WIFE, APPELLEES, V. NEWELL L. MCCOY ET AL., APPELLANTS.

449 N.W.2d 221

Filed December 22, 1989.    No. 88-319.

Bill Quigley, of Quigley, Dill & Quigley, for appellants.

David A. Domina, of Domina, Gerrard, Copple & Stratton, P.C., for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

The installment contract sellers of 4,477.9 acres of Keya Paha County ranchland appeal a declaratory judgment which held that the buyer avoided any deficiency judgment by the forfeiture of his and his wife's interest in the land and of the payments the buyer made under the contract. The sellers also appeal dismissal of their cross-petition. We affirm.

On November 17, 1981, after several weeks of negotiations, the defendant sellers, Newell L. and Sue A. McCoy, then husband and wife, and Blanche M. McCoy, Newell's mother, under written contract sold the ranchland to the plaintiff Michael M. Crowley.

Under the terms of the agreement, the purchase price was $1,600,000. By the time of closing on March 15, 1982, Crowley had paid principal in the sum of $320,000 on the contract. During the first 3 years of the contract, only interest at the rate of 10 percent on the unpaid principal balance of $1,280,000 was to be paid. During the next 17 years, the annual principal payments were to vary according to a predetermined schedule. On March 15, 2003, a balloon principal payment of $550,400 would be due. Each annual principal payment was to be accompanied by interest computed at 10 percent on the unpaid principal balance remaining unpaid from time to time. Crowley, upon completing his part of the agreement, was to

receive a warranty deed which was placed in escrow. The agreement made no provision for the acceleration of principal payments in the event Crowley defaulted on any installment.

On March 15, 1982, Crowley took possession of the land. He paid the $128,000 annual installments of interest on March 15 of 1983, 1984, and 1985. On March 15, 1986, Crowley also timely made a payment of $12,800 principal and $128,000 in interest. After the March 1986 payment, the total amount of principal and interest paid by Crowley to the McCoys was $844,800.

On January 27, 1987, Crowley, through his attorney, notified Newell McCoy by letter that he was unconditionally exercising his election to forfeit all payments made to date and conveying back the real estate. The letter was accompanied by a quitclaim deed wherein Crowley and his wife tendered their interest in the real estate back to Newell, Sue, and Blanche McCoy "as their interests may appear." By letter of January 29, 1987, acceptance of the quitclaim deed was refused and the deed returned to Crowley.

Crowley did not make the $139,520 principal and interest payment due on March 15, 1987. Instead, Crowley and his wife brought suit in the district court for Keya Paha County to determine the parties' rights under the contract. They asked the trial court to declare that forfeiture of all payments made by Crowley on the land contract and return of the land to the McCoys extinguished any claim the McCoys might have against the Crowleys for a deficiency judgment by reason of the land contract. In their answer, the McCoys denied the Crowleys' right to the relief they sought in their declaratory judgment petition. In a cross-petition, the McCoys asked judgment for the entire unpaid principal balance of the contract, together with interest, or, in the alternative, the principal payment and interest due on March 15, 1987.

In this appeal, the McCoys claim the trial court erred (1) in finding that the buyer as a defaulting party had a right to elect forfeiture, (2) in construing the default provisions of the contract as a limitation of remedies to forfeiture only in favor of the buyer, and (3) in determining that the McCoys were not entitled to payment of the delinquent installment. Resolution of

these issues turns on interpretation of the contract between the parties.

The dispute in this case centers around the following contract provisions:

> [I]n the event that either of the parties . . . shall fail to keep and perform the agreements herein contained . . . the same shall constitute a default . . . and if such default continues for a period of 15 days then the aggrieved party may take appropriate action . . . including the right of specific performance. *Buyer shall assume the responsibility of the contract and in case of forfeiture shall be willing to lose all monies paid upon the property but Sellers shall not have the right of recourse other than the return of the property conveyed hereunder.*

(Emphasis supplied.)

In regard to real estate contracts, this court has held: "Ordinarily a sum paid in part performance of a contract, with a provision that it shall be forfeited in the event of a default, if not excessive, and if the actual damages are not calculable in advance, will be regarded as liquidated damages." *Bando v. Cole*, 197 Neb. 722, 726, 250 N.W.2d 651, 653 (1977). We have also held that it is well settled that a contract for the transfer of land is the type of agreement open to a stipulation for liquidated damages. *Edgar v. Anthes*, 109 Neb. 546, 191 N.W. 682 (1922). In *Edgar v. Anthes, supra*, we also stated that courts have frequently held that the actual damages arising from the breach of a contract for the purchase of real estate have been frequently held to be of such an uncertain and unascertainable nature as to warrant the construction that a sum named to be paid on breach is liquidated damages and not a penalty. Here, the Crowleys are the only parties who could claim that forfeiture of the money paid to the McCoys constitutes a penalty. They have made no such claim, but, in fact, insist they have a right to forfeit the money paid under the contract. Therefore, there will be no further discussion on the point.

A contract must be construed as a whole and, if possible, effect must be given to every part thereof. *Mills v. Aetna Ins. Co.*, 168 Neb. 612, 96 N.W.2d 721 (1959). The McCoys construe the first sentence of the provisions under

consideration as providing any appropriate remedy to the nonbreaching party, including specific performance. They also assert that the second sentence applies only in those limited circumstances when forfeiture is selected by the party not in default as the means of enforcing his or her rights. Since they are not in default and have not selected forfeiture, the McCoys maintain that the first sentence permits them to pursue specific performance.

In interpreting contracts, the court as a matter of law must first determine whether the contract is ambiguous. *Knox v. Cook*, 233 Neb. 387, 446 N.W.2d 1 (1989). Regarding a question of law, this court has an obligation to reach its conclusion independent from the conclusion reached by a trial court. *Id.*

An instrument is ambiguous if a word, phrase, or provision in the instrument has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings. *Knox, supra.* "The fact that parties to a document have or suggest opposing interpretations of the document does not necessarily, or by itself, compel the conclusion that the document is ambiguous." *Id.* at 391, 446 N.W.2d at 4. If a contract is unambiguous, the intent of the parties must be determined from the contents of the contract. *Nogg Bros. Paper Co. v. Bickels*, 233 Neb. 561, 446 N.W.2d 729 (1989).

Under the terms of the contract, Crowley agreed, among other things, to maintain an adequate fence around the property. If, for instance, he had failed to maintain the fence as agreed, the first sentence of the provision at issue would have permitted the McCoys, the aggrieved party, the right to specific performance of the fence maintenance agreement.

The second provision of the language in dispute relates to forfeitures. In the context of a land sale contract, forfeiture means that if a purchaser defaults on the payments, any sums paid by the purchaser on the contract of sale are not reimbursed to him or her. See *Ryan v. Kolterman*, 215 Neb. 355, 338 N.W.2d 747 (1983). In this case, the disputed sentence merely explains the effects of a forfeiture. That is, the buyer, upon forfeiture, loses all moneys paid and the seller does not have a right of recourse *other* than the return of the property. There is

no conflict between the two sentences, and effect may be given to both provisions. The second provision applies solely to forfeiture, while the first sentence covers all other breaches. The forfeiture provision clearly limits the McCoys' remedy to retention of the payments received and recovery of the property. The terms of a contract are to be accorded their plain and ordinary meaning as ordinary, average, or reasonable persons would understand them. *Graphic Resources, Inc. v. Thiebauth*, 233 Neb. 592, 447 N.W.2d 28 (1989). The forfeiture provision is susceptible of only one reasonable interpretation. It unambiguously restricts the sellers' relief and supports the declaratory judgment entered by the trial court in favor of the Crowleys. The trial court was correct in dismissing the McCoys' cross-petition.

AFFIRMED.