LELAND PORTER, INDIVIDUALLY AND AS TRUSTEE FOR NICOLE LYNN PORTER, KRISTINE LEE PORTER, AND CYNTHIA ANN PORTER, APPELLANT, V. ROBERT D. SMITH AND SANDRA E. SMITH, HUSBAND AND WIFE, APPELLEES.

486 N.W.2d 846

Filed June 26, 1992.   No. S-89-685.

Paul E. Hofmeister, of Van Steenberg, Chaloupka, Mullin, Holyoke, Pahlke, Smith, Snyder & Hofmeister, P.C., for appellant.

Robert B. Reynolds and J.A. Lane, of McGinley, Lane, Mueller, O'Donnell & Williams, P.C., for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

This case involves the election of remedies. The plaintiff, Leland Porter, individually and as trustee for his children, Nicole Lynn Porter, Kristine Lee Porter, and Cynthia Ann Porter, appeals from an order of the district court which dismissed his petition seeking a deficiency judgment. This action followed the foreclosure of a land contract against the defendants, Robert D. and Sandra E. Smith. The plaintiff assigns as error generally that the trial court held that plaintiff "deliberately invoked" the remedy of liquidated damages and that the contract prohibited plaintiff from recovering a deficiency judgment. We reverse and remand for further proceedings.

In reviewing a judgment in a bench trial of a law action, an appellate court does not reweigh the evidence, but considers the evidence in the light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *Nebraska Builders Prod. Co. v. Industrial Erectors*, 239 Neb. 744, 478 N.W.2d 257 (1991).

In a bench trial of a law action, a trial court's factual findings have the effect of a jury verdict and will not be set aside unless clearly erroneous. *Nebraska Builders Prod. Co., supra.*

Regarding a question of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court in a judgment under review. *Nebraska Builders Prod.*

*Co., supra.*

On February 22, 1982, the plaintiff and his now former wife entered into a land sale contract with the defendants. The property listed in the contract is buildings and a section of wheatland in Deuel County, Nebraska. The contract provided that the defendants would receive the warranty deed, which was placed in escrow, upon compliance with all the terms of the contract.

The contract provided for a purchase price of $586,000, with $10,000 paid down at the date of closing, $50,000 paid on April 1, 1982, and $57,000 paid on July 15, 1982. The contract also provided for the payment of the balance "in the sum of $468,800.00 [sic]," together with interest at 11.5 percent per annum, payable in annual amortized installments of $60,805.60, which included principal and interest, and a balloon payment of $221,933.10 after 15 years. Additionally, the defendants were to receive the wheat crop then growing on the land.

Between the time of the original meeting of the parties and the preparation of the final contract, the two items listed above had been changed somewhat, and the provision as to default set forth in paragraph 10.2 was also modified. The language of paragraph 10.2, with the addition made at the time of the last amendment appearing in parentheses, is as follows:

> 10.2 BUYERS agree that in the event they fail to pay any amounts due under this Contract, including real estate taxes, or within THIRTY DAYS from the date such payments are due, then the entire endebtedness [sic] due under this Contract shall become due and payable immediately, at the option of the SELLERS, and SELLERS may proceed to foreclose this Contract in the manner provided by law, (and the payments made thereon shall be forfeited and held as rent and liquidated [sic] damages.)

Importance was placed by the court and the parties on the question of which party, the plaintiff or the defendants, requested the change in the quoted language. The trial court found that "[t]he provision for liquidated damages was plaintiff's idea," although we fail to see the relevance of that

finding inasmuch as the important consideration is the language of the contract. The court went on to say, "Having deliberately provided for a specific remedy and having deliberately invoked that specific remedy, plaintiff cannot now complain of its application."

Defendants took possession of the land and made the annual payments due on April 1, 1983, 1984, and 1985. No additional payments were made. Plaintiff's lawyer wrote the defendants on May 6, 1986, that

> pursuant to paragraph 10.2 of the contract sellers hereby declare the entire indebtedness due under the contract, due and payable immediately and intend to proceed to foreclose the same forthwith and seek such other relief as the law allows. All payments thus far made under the contract are hereby forfeited and credited to the sellers as rent and liquidated damages.

Plaintiff filed an action for foreclosure in the district court for Deuel County, and pursuant to a motion for summary judgment which was granted, a decree of foreclosure issued. Only the decree, the order confirming the sale, and the order permitting the withdrawal of the contract for the purpose of bringing an action for a deficiency appear in the record.

By the decree, dated October 28, 1986, the court found and ordered that

> there is due and owing to Plaintiff on the Contract For Sale Of Real Estate dated February 22, 1982, set forth in Plaintiff's Petition, the sum of $445,649.74 as of October 28, 1986, [the date of the decree] with interest accruing at the rate of $140.41 per diem from and after April 1, 1985 until paid . . . .

The decree is confusing because the finding of the amount due as of October 28, 1986, together with the further finding of per diem interest from April 1, 1985, makes little sense. The $140.41-per-day interest would be the correct amount of interest on a principal sum of $445,649.74. Our calculation based on interest beginning on the balance due after the final downpayment on July 15, 1982, discloses that as of April 1, 1986, the date that the defendants first defaulted on the $60,805.60 payment of principal and interest, the amount due

and payable on the land contract was $478,519. Applying the 11.5-percent interest rate to that figure, the annual interest would be $55,030, or $150.77 per diem. Therefore, the amount necessary for the defendants to pay to redeem would have been $510,180.70 ($478,519 plus $150.77 per day for 210 days from April 1, 1986, to the date of decree, October 28, 1986), plus unpaid taxes and costs. This figure does not square with the decree.

However, defendants failed to appeal the foreclosure decree, and the figure determined by the court became final. Contrary to the demand made in the May 6, 1986, letter of plaintiff's attorney to defendants, and contrary to the contention of the defendants, the record does not establish that the contract was strictly foreclosed and that there was a forfeiture. We conclude, therefore, that the plaintiff proceeded to a regular foreclosure of the contract, which would require that defendants be given credit for all payments made. The property was sold to the plaintiff at a sheriff's sale for $272,000, and the sale was duly confirmed.

The plaintiff obtained leave of court to withdraw the contract for sale for the purpose of bringing an action at law for a deficiency judgment in the amount of $352,714.46, that being the difference, according to plaintiff's testimony, between the total amount claimed to be due and owing the plaintiff and the net sale price. It was that action which was dismissed at the close of all the evidence and which gives rise to this appeal.

The critical questions which this court must determine are ones of law as to whether the trial court erred in holding that the contract language in paragraph 10.2 prohibits the plaintiff from recovering a deficiency judgment and whether plaintiff elected the remedy of forfeiture.

It is quite apparent that the provision in the contract as to payments made by the buyers was one for liquidated damages and not a penalty. " 'Ordinarily a sum paid in part performance of a contract, with a provision that it shall be forfeited in the event of a default, if not excessive, and if the actual damages are not calculable in advance, will be regarded as liquidated damages.' " *Crowley v. McCoy*, 234 Neb. 88, 91, 449 N.W.2d 221, 224 (1989).

A contract for the transfer of land is the type of agreement open to a stipulation for liquidated damages. *Crowley, supra.* A contract must be construed as a whole and, if possible, effect must be given to every part thereof. *Crowley, supra.*

In interpreting contracts, the court as a matter of law must first determine whether the contract is ambiguous. *Crowley, supra.* Regarding a question of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court in a judgment under review. *Nebraska Builders Prod. Co. v. Industrial Erectors,* 239 Neb. 744, 478 N.W.2d 257 (1991).

An instrument is ambiguous if a word, phrase, or provision in the instrument has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings. *Crowley, supra.* The fact that parties to a document have or suggest opposing interpretations of the document does not necessarily, or by itself, compel the conclusion that the document is ambiguous. *Crowley, supra.* If a contract is unambiguous, the intent of the parties must be determined from the contents of the contract. *Crowley, supra; Nogg Bros. Paper Co. v. Bickels,* 233 Neb. 561, 446 N.W.2d 729 (1989).

Applying the foregoing rules of construction or interpretation of a document, the remedy clause is unambiguous. The contract provides the seller with two remedies—foreclosure of the contract and forfeiture of the payments. In the context of a land sale contract, forfeiture means that if a purchaser defaults on the payments, any sums paid by the purchaser on the contract of sale are not reimbursed to him or her. *Crowley, supra; Ryan v. Kolterman,* 215 Neb. 355, 338 N.W.2d 747 (1983).

There appears to be no question that a vendor in an executory land contract, upon default of payment by the vendee, has the right to foreclose on the executory land contract as if it were a mortgage and obtain a deficiency judgment after such a foreclosure. *Carman v. Gibbs,* 220 Neb. 603, 371 N.W.2d 283 (1985).

On the other hand, we have held a contract containing the following language unambiguously restricted the sellers' remedy to retention of the payments received and recovery of the property: "Buyer shall assume the responsibility of the

contract and in case of forfeiture shall be willing to lose all monies paid upon the property but Sellers shall not have the right of recourse other than the return of the property conveyed hereunder." (Emphasis omitted.) *Crowley*, 234 Neb. at 91, 449 N.W.2d at 224.

The case at bar falls in between *Carman* and *Crowley* in that the vendee is to lose all payments made in the event of default and forfeiture, but there is no specific provision limiting the vendor to that remedy. Therefore, the issue which we must decide is whether to allow Porter two remedies, i.e., retention of all payments received without credit on the contract balance and a deficiency judgment. To do so would permit a double recovery by the plaintiff. This appears to be an issue of first impression in Nebraska.

Under the majority rule in the United States, the vendor is typically barred from seeking to recover the mortgage equivalent of a deficiency judgment once forfeiture has been accomplished. This is the so-called election of remedies doctrine. Election of remedies is an ancient doctrine created by the courts. It requires a plaintiff to choose between inconsistent remedies for redress of a single injury. The doctrine originated as a means to prevent double recovery and to limit potential harassment of defendants. *Keesee v. Fetzek*, 106 Idaho App. 507, 681 P.2d 600 (1984).

In *Hepperly v. Bosch*, 172 Ill. App. 3d 1017, 527 N.E.2d 533 (1988), the buyers defaulted on an installment land contract. The sellers served the buyers with a document in which the sellers quoted the forfeiture and reentry remedy as set forth in the default section of the real estate contract. The letter stated: "[Sellers] will keep as liquidated damages all payments made on said Contract for Sale of Real Estate made by you to them to date . . . ." (Emphasis omitted.) The court held that under Illinois law a vendor under an installment land contract cannot both forfeit the contract, regaining the real estate, and sue under the contract for actual damages. The seller must make an election of the remedy he or she wishes to pursue.

In *Trans West Co. v. Teuscher*, 27 Wash. App. 404, 618 P.2d 1023 (1980), the buyers defaulted on an installment land contract and consented to a forfeiture of their rights under the

contract. The court held that "[i]t is well established that a vendor of an installment sale contract may not recover the underlying unpaid debt owing on the purchase price and also enforce the contract's forfeiture remedy because the two remedies are inconsistent and result in a windfall recovery to the vendor." *Id*. at 407, 618 P.2d at 1025.

In *Covington v. Pritchett*, 428 N.W.2d 121 (Minn. App. 1988), the court held that a vendor is bound by the election of remedies doctrine if the action has been pursued to a determinative conclusion, the vendor has procured advantage from his or her actions, or the vendee has been subjected to injury.

The Michigan Supreme Court has ameliorated the harshness of the election of remedies rule on the vendor by determining when the election took place. The purchasers in *Gruskin v Fisher*, 405 Mich. 51, 273 N.W.2d 893 (1979), defaulted on their land contract, and the sellers sent the purchasers a notice of intention to forfeit the land contract. The purchasers tried to tender a quitclaim deed in order to give up possession. The sellers refused to accept the quitclaim deed. The sellers decided to bring deficiency judgment proceedings. The court held that "while the seller may not accept or take possession and still seek money damages, he may, even after sending notice of forfeiture, refuse tender of possession and either commence an action for money damages or for foreclosure of the land contract." *Id*. at 57-58, 273 N.W.2d at 896. The court gave the following rationale for this holding:

> Strict adherence to the common-law rule that forfeiture of a land contract is an election of remedies ignores the many changes in the practice since the common-law rule developed and often causes an unjust result.
>
> Sellers no longer are at liberty immediately after forfeiture of a land contract to seize possession of premises and put purchasers out on the street. Forfeiture can be effected only upon observance of procedures which provide land contract purchasers with protections similar to, in many cases equal to or better than, those provided mortgagors.
>
> Mortgagees may obtain a deficiency judgment,

whether the foreclosure is by action or advertisement. While the statute precludes a land contract seller from seeking a deficiency judgment *if* he obtains a writ of restitution and (by implication) if he otherwise obtains possession of the premises, it does not in terms require that result where he has merely announced a forfeiture of a land contract.

Forfeiture of the contract is a prerequisite to commencement of summary proceedings for possession of the premises. . . . It does not follow that the consequence of sending notice of forfeiture should be an irrevocable election precluding an action for damages for nonperformance or an action to foreclose with a view to obtaining a deficiency judgment.

*Id.* at 58-59, 273 N.W.2d at 896-97.

In the case at bar, the record does not disclose if defendants surrendered possession of the premises before the completion of the foreclosure proceedings or if the plaintiff did in fact retain the payments made by the defendants as liquidated damages—i.e., whether plaintiff elected the option of forfeiture as he had a right to do under the contract.

However, an election of remedies is an affirmative defense. 28 C.J.S. *Election of Remedies* § 28 (1941); *Vogel Co. v. Original Cabinet Corp.*, 252 Mich. 129, 233 N.W. 200 (1930) (election of remedies is affirmative defense). The party pleading election of remedies as a defense has the burden of proving it. 28 C.J.S. *Election of Remedies* § 29 (1941); *Willard v. Shekell*, 236 Mich. 197, 210 N.W. 260 (1926) (party asserting defense of election of remedies has burden of proof); *Spaulding v. Cahill*, 146 Vt. 386, 505 A.2d 1186 (1985) (election of remedies is an affirmative defense which must be pleaded and proved); *Abbadessa v. Tegu*, 122 Vt. 345, 173 A.2d 581 (1961) (election of remedies is an affirmative defense which must be pleaded and proved); *City Bank of San Diego v. Ramage*, 266 Cal. App. 2d 570, 72 Cal. Rptr. 273 (1968) (doctrine of election of remedies, being a form of estoppel, is an affirmative defense that ordinarily must be specifically pleaded unless it appears on the face of the complaint); *Hanover Estates v. Finkelstein*, 194 Misc. 755, 86 N.Y.S.2d 316 (1949) (doctrine of election of

remedies can be taken advantage of only by pleading the election as an affirmative defense); *State ex rel. Kansas City v. Harris*, 357 Mo. 1166, 212 S.W.2d 733 (1948) (election of remedies is an affirmative defense).

We hold that the election of remedies doctrine is an affirmative defense placing the burden on the purchasers to plead and prove that the seller has elected the remedy of strict foreclosure. The record fails to support a finding that defendants met this burden of proof.

Relying upon the cases previously cited, we arrive at what we believe to be the proper rules relating to election of remedies in land contract cases. A vendor in a real estate installment contract is barred from seeking to recover the mortgage equivalent of a deficiency judgment once forfeiture of the contract has been accomplished and the vendor is in possession of the real estate and has retained the payments made by the vendee. The seller must make an election of the remedy he or she wishes to pursue. See, *Keesee v. Fetzek*, 106 Idaho App. 507, 681 P.2d 600 (1984); *Hepperly v. Bosch*, 172 Ill. App. 3d 1017, 527 N.E.2d 533 (1988). Generally, a vendor of a real estate installment sales contract may not recover the underlying unpaid debt owing on the purchase price and also enforce the contract's forfeiture remedy because the two remedies are inconsistent and result in a windfall recovery to the vendor. *Trans West Co. v. Teuscher*, 27 Wash. App. 404, 618 P.2d 1023 (1980). The vendor in a real estate installment contract is bound by the election of remedies doctrine if the action has been pursued to a determinative conclusion, the vendor has procured advantage from his or her actions, or the vendee has been subjected to injury. *Covington v. Pritchett*, 428 N.W.2d 121 (Minn. App. 1988). While the vendor in a real estate installment contract may not accept or take possession and retain the amounts paid under the contract and still seek money damages, he or she may, even after sending notice of forfeiture, alter his or her choice of remedies and commence an action either for money damages or for foreclosure of the land contract. See *Gruskin v Fisher*, 405 Mich. 51, 273 N.W.2d 893 (1979).

In this case, there is no proof that plaintiff took possession under the contract, but, rather, it is apparent that he proceeded

in foreclosure and obtained possession through a foreclosure sale. Also, the record does not disclose that payments made by buyers were forfeited, i.e., were retained by plaintiff without credit to defendants. Although the seller had the option under the contract to retain all payments as liquidated damages and through his attorney declared a forfeiture, we find that his actions in proceeding in foreclosure amount to an alteration of that choice. He elected to proceed with foreclosure and a deficiency judgment amounting to the difference between the amount due and owing on the contract, with credits for the amounts paid on the contract by defendants, and the proceeds of the sale, which he had a right to do. See *Carman v. Gibbs*, 220 Neb. 603, 371 N.W.2d 283 (1985).

The judgment of the district court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.