EDITH KRZYCKI, APPELLANT AND CROSS-APPELLEE, V. GENOA NATIONAL BANK, APPELLEE AND CROSS-APPELLANT.

496 N.W.2d 916

Filed March 12, 1993.   No. S-90-981.

Vince Kirby for appellant.

Larry D. Bird, of Treadway, Bird & Nespor, P.C., for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., MERRITT, D.J., and COLWELL, D.J., Retired.

LANPHIER, J.

The plaintiff-appellant in this case, Edith Krzycki, appeals from a judgment entered by the District Court for Nance County. The court found generally for the defendant-appellee, Genoa National Bank (the Bank), on a guaranty claimed to be secured by a mortgage entered into between the plaintiff and the Bank. The Bank cross-appeals the court's second holding, where it found generally for the plaintiff on the Bank's cross-claim to recover sums received by plaintiff.

## PROCEDURAL BACKGROUND

Plaintiff initially brought an action for declaratory judgment in the district court, seeking a determination of her legal rights under a mortgage and guaranty executed by her in favor of the Bank. The Bank had acquired $35,000 from the plaintiff under an agreement which released the mortgage and provided that plaintiff had satisfied the guaranty.

In its answer, the Bank counterclaimed for sums received by plaintiff under a later agreement relating to the Bank's retention of the $35,000. In her reply, plaintiff again asked for a declaratory judgment as to the parties' rights under the mortgage and guaranty.

The case was tried by the Nance County District Court, sitting without a jury. Judgment was initially entered for the Bank on plaintiff's petition and against the Bank on its cross-petition. Thereafter, however, a motion for a new trial was granted by the court. A second trial was held, on the pleadings and transcript from the first trial, as stipulated by the parties. The court again entered judgment for the Bank on plaintiff's petition and for plaintiff on the Bank's counterclaim.

Plaintiff timely appealed to this court, contending, in summary, that the district court erred in finding that the mortgage was intended to secure the obligation, if any, created by the guaranty. On cross-appeal, the Bank charged that the district court erred in finding for plaintiff on its counterclaim. For purposes of clarity, the discussion concerning the declaratory judgment and the discussion concerning the

cross-appeal will be separated below.

## STANDARD OF REVIEW

Whether an action for declaratory judgment under the provisions of Neb. Rev. Stat. §§ 25-21,149 through 25-21,164 (Reissue 1989) is to be treated as one at law or one in equity is to be determined by the nature of the dispute. *Drew v. Walkup*, 240 Neb. 946, 486 N.W.2d 187 (1992). The test is whether, in the absence of a prayer for declaratory judgment, the issues presented should be properly disposed of in an equitable as opposed to a legal action. *Chadron Energy Corp. v. First Nat. Bank*, 221 Neb. 590, 379 N.W.2d 742 (1986). The relief sought by plaintiff in the instant case is the recovery of $35,000; the construction of the mortgage and guaranty is a deciding factor to that end. Since no equitable relief is sought, the action is to be treated as one at law. *Boren v. State Farm Mut. Auto Ins. Co.*, 225 Neb. 503, 406 N.W.2d 640 (1987). A jury having been waived, the factual findings of the trial court have the effect of a verdict and will not be set aside unless clearly erroneous. *Albee v. Maverick Media, Inc.*, 239 Neb. 60, 474 N.W.2d 238 (1992); *Oddo v. Speedway Scaffold Co.*, 233 Neb. 1, 443 N.W.2d 596 (1989). In reviewing a judgment awarded in a bench trial of a law action, an appellate court does not reweigh evidence but considers the evidence in the light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *Albee v. Maverick Media, Inc., supra; Oddo v. Speedway Scaffold Co., supra.*

## BACKGROUND

On June 10, 1975, plaintiff and her husband, Joe Krzycki, executed an installment note and a mortgage in favor of the Bank in order to finance a center pivot irrigation device for their farm. The mortgage, which encumbered various real estate, provided that it was given as security not only for the instant loan, but for "any and all sums, indebtedness and liabilities of every kind now or hereafter owing and to become due from the mortgagor to the mortgagee." Additional notes were signed by plaintiff after the initial loan, which also stated that they were secured by this "open end mortgage."

Joe Krzycki died in 1979, at which time plaintiff assumed all of the promissory notes which she and Joe had signed by signing new notes individually. The note for the center pivot was satisfied on January 8, 1980. After Joe's death, Richard Krzycki, the son of Joe and plaintiff, returned home to help with the farm. On May 21, 1980, due to Richard's inability to acquire financing for the farm, plaintiff signed a guaranty in the amount of $35,000, guaranteeing the debts of her son Richard. There was some dispute as to whether plaintiff was aware that the guaranty was in the amount of $35,000, or whether she thought it was to cover only the $7,000 or $8,000 needed to cover the year's farming expenses. At the time of the plaintiff's guaranty, Richard owed the Bank $86,900 on a commercial debt.

Richard subsequently defaulted on his debt and declared bankruptcy. Amounts due to creditors after liquidation exceeded $35,000. On January 2, 1986, an agreement was entered into between the Bank and plaintiff whereupon she sold the tract of land upon which the Bank had the 1975 mortgage, in order to pay the Bank $35,000. The agreement stated that plaintiff had signed the guaranty and that the bank was releasing its mortgage on the land in order that it could be sold to cover the guaranty. Plaintiff was represented by counsel in that transaction.

On February 5, 1986, the parties entered into a second agreement under which plaintiff received $1,166.67 of proceeds from Richard's bankruptcy estate with the stipulation that these sums could be recovered by the Bank in the event plaintiff sued the Bank for the money paid to satisfy the guaranty per the earlier agreement. This latter agreement is the subject of the Bank's counterclaim and cross-appeal.

### THE MORTGAGE, THE GUARANTY, AND THE AGREEMENT

The dispute in this case centers around the contract provisions contained in the mortgage, the guaranty, and the 1986 agreement. The relevant sections of the 1975 mortgage state:

This mortgage is given . . . to secure the payment of all

the promissory notes made by the mortgagor, payable to the Genoa National Bank, and all extensions and renewals, and for the further purpose of securing the payment of any and all sums, indebtedness and liabilities of any and every kind now or hereafter owing and to become due from the mortgagor to the mortgagee or to the holder of said note or to the assignee of the mortgagee during the term of this mortgage, howsoever created, incurred, evidenced, acquired or arising, whether under the note or this mortgage or under any other instrument, obligations, contracts or agreements, or dealings of any and every kind now or hereafter existing or entered into between the mortgagor and the mortgagee.

The mortgage was signed by Joseph W. Krzycki and Edith S. Krzycki, "each in his and her own right and as spouse of the other."

The guaranty signed by plaintiff in 1980 provides, in pertinent part:

For value received and to enable Richard Krzycki . . . hereinafter designated as "Debtor," to obtain credit from time to time, of Genoa National Bank . . . we hereby request said Bank to extend to said Debtor such credit as said Bank may deem proper, and we hereby jointly and severally guarantee the full and prompt payment to said Bank at maturity, and at all times thereafter . . . of any and all indebtedness, liabilities and obligations of every nature and kind of said Debtor to said Bank . . . to the extent of Thirty five thousand and 00/100 Dollars . . . .

. . . .

In case of the . . . insolvency or bankruptcy of said Debtor, all of said indebtedness . . . to the extent of the amount of this guaranty, shall, at the option of said Bank, become immediately due from . . . the undersigned.

This document was signed by plaintiff individually.

The agreement of January 2, 1986 states in pertinent part:

WHEREAS, Richard Krzycki and MaDonna Krzycki are indebted to the Genoa National Bank; and

WHEREAS, Edith Krzycki has signed a guaranty dated May 21, 1980; and

WHEREAS, the Bank has a mortgage and a lien on personal property which must be released before the property can be sold.

IT IS, THEREFORE, AGREED between the Genoa National Bank and Edith Krzycki as follows:

1. The Bank will receive the sum of $35,000 from the sale.

2. The Bank will release its mortgage and lien on the personal property.

3. The payment to the Bank and the granting of the release is not an accord and satisfaction between the parties. Each party retains all rights they had against the other prior to the payment to the Bank and delivery of the release.

4. Edith Krzycki retains the right to litigate to determine the enforceability of the guaranty, and if a Court determines that the guaranty was not enforceable . . . the Bank will reimburse . . . the $35,000 . . . .

The numerous assignments of error claimed by plaintiff, as well as her lengthy presentation of facts, can be distilled into a single argument: It was not plaintiff's intent that the mortgage signed in 1975 cover the obligation, if any, created by the guaranty signed in 1980. We do not reach the matter of the mortgage, however, as the guaranty and subsequent agreement entered into between the parties are determinative of this first issue.

The 1986 agreement and the guaranty are contracts. In interpreting contracts, the court as a matter of law must first determine whether the contract is ambiguous. *Crowley v. McCoy*, 234 Neb. 88, 449 N.W.2d 221 (1989). Whether a document is ambiguous is a question of law initially determined by a trial court. *Albee v. Maverick Media, Inc., supra*; *Luschen Bldg. Assn. v. Fleming Cos.*, 226 Neb. 840, 415 N.W.2d 453 (1987). Regarding a question of law, an appellate court has an obligation to reach a conclusion independent from a trial court's conclusion in a judgment under review. *Albee v. Maverick Media, Inc., supra*; *Wurst v. Blue River Bank*, 235 Neb. 197, 454 N.W.2d 665 (1990); *Huffman v. Huffman*, 232 Neb. 742, 441 N.W.2d 899 (1989).

An instrument is ambiguous if a word, phrase, or provision in the instrument has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings. *Knox v. Cook*, 233 Neb. 387, 446 N.W.2d 1 (1989). "The fact that parties to a document have or suggest opposing interpretations of the document does not necessarily, or by itself, compel the conclusion that the document is ambiguous." *Id.* at 391, 446 N.W.2d at 4.

Applying the foregoing rules of construction, we find, as a matter of law, that there is no ambiguity in the language of the 1986 agreement. The extrinsic evidence upon which plaintiff relies so heavily therefore becomes irrelevant. It is well established that if a contract is unambiguous, the intent of the parties must be determined from the contents thereof. *Crowley v. McCoy, supra*; *Nogg Bros. Paper Co. v. Bickels*, 233 Neb. 561, 446 N.W.2d 729 (1989). A written instrument is open to explanation by parol evidence only when it is ambiguous in its terms. *Olds v. Jamison*, 195 Neb. 388, 238 N.W.2d 459 (1976). See, also, *Washington Heights Co. v. Frazier*, 226 Neb. 127, 409 N.W.2d 612 (1987).

Applying the above-cited rules, we find the intent of the parties to the 1986 agreement to be easily discernible: The Bank agreed to release the mortgage in exchange for plaintiff's payment of the guaranty, preserving plaintiff's right to litigate the enforceability of the guaranty. While paragraph 3 of the agreement seems to generally indicate that all of plaintiff's rights were preserved, including those concerning the mortgage, the specificity of paragraph 4 makes it clear that only her rights as to the guaranty were preserved. Where general and specific terms in a contract may relate to the same thing, the more specific provision controls. *Corso v. Creighton University*, 731 F.2d 529 (8th Cir. 1984); *State v. Commercial Cas. Ins. Co.*, 125 Neb. 43, 248 N.W. 807 (1933); *Coad v. London Assur. Corp.*, 119 Neb. 188, 227 N.W. 925 (1929). We hold, therefore, that the agreement's intent was to preserve only plaintiff's rights as to the validity of the guaranty, and the validity of the mortgage (if any) has been decided between the parties. Where a contract has been entered into which determines the legal rights between the parties, this court will

not disturb it but will leave the parties to abide by its consequences. *Jones v. Burr*, 223 Neb. 291, 389 N.W.2d 289 (1986). A party is thereafter estopped from asserting any legal remedies which he may have surrendered in such a contract. *Jelsma v. Scottsdale Ins. Co.*, 231 Neb. 657, 437 N.W.2d 778 (1989).

Accordingly, we are left only to determine the validity of the guaranty itself. The guaranty is also a contract and is subject to the rules of construction set out above. Initially, we find that the guaranty is not subject to conflicting interpretations or meanings, but is unambiguous as a matter of law. *Knox v. Cook, supra*. The intent of the parties must therefore be determined from the contents of the guaranty itself. *Crowley v. McCoy, supra*; *Nogg Bros. Paper Co. v. Bickels, supra*.

The guaranty unequivocally states that plaintiff agreed to guarantee the payment of any and all indebtedness, liabilities and obligations owed by Richard Krzycki in favor of the Bank, up to $35,000. There is some dispute in the record as to the definiteness of the terms of the guaranty when signed by plaintiff. However, this matter was decided by the lower court and we do not find that such decision was clearly erroneous. *Albee v. Maverick Media, Inc., supra*; *Oddo v. Speedway Scaffold Co.,supra*. We therefore find that the guaranty was valid against plaintiff up to the $35,000 limit provided therein.

Plaintiff also attacks the application of the guaranty on another front. Although her brief is not entirely clear, she appears also to contend that she did not read the instruments relevant to this case and that they therefore should not be enforced against her. It is a well established rule, however, that one who signs a written agreement is bound by its terms whether or not she has read the document. See, *Nichols v. Ach*, 233 Neb. 634, 447 N.W.2d 220 (1989) (overruled on other grounds); *Mangan v. Landen*, 219 Neb. 643, 365 N.W.2d 453 (1985); *Int'l Multifoods Corp. v. D & M Feed & Produce, Inc.*, 470 F. Supp. 654 (D.C. Neb. 1979). Plaintiff's contentions on this point are thus without merit, and the guaranty and 1986 agreement are valid and enforceable against her. The trial court's holding on this first issue is therefore affirmed.

## THE CROSS-APPEAL

We turn next to the Bank's cross-appeal, where it is contended that the lower court erred in finding for the plaintiff on the Bank's counterclaim. As stated earlier, the Bank had counterclaimed against plaintiff in the trial court for sums received by plaintiff which the Bank claims were also under its lien. The court below generally found for plaintiff on the counterclaim. In its cross-appeal, the Bank contends that the district court erred in so finding. Plaintiff did not address this cross-appeal.

Briefly, the record shows the following relevant facts concerning the cross-appeal: On January 2, 1986, plaintiff sold the real property secured by the Bank's mortgage. She did so under an agreement which provided that the Bank would receive $35,000 of the proceeds of the sale.

On February 5, 1986, discussions were apparently held between plaintiff's attorney and the Bank's attorney, concerning sums the Bank felt it was due under its settlement agreement with Richard Krzycki. Prior to February, 1986, Richard Krzycki had recovered a $10,000 judgment in a rental dispute. At the time of this recovery, the Bank had a perfected security interest in all of Richard's interests in and to all contracts and leases concerning lands. The Bank alleges that an agreement between plaintiff and the Bank was entered into which provided that the $10,000 would be divided as follows: $5,500 would go to the Bank; $3,333.33 would go to the Krzycki's attorney as a contingent fee; and $1,166.67 would go to plaintiff. The Bank claims plaintiff received her share on the condition that the Bank would retain the right to counterclaim against her for recovery of the $1,166.67 if she sued the Bank for recovery of the $35,000 paid pursuant to the guaranty. Subsequently, plaintiff brought an action against the Bank to recover the moneys paid under the guaranty, and the Bank counterclaimed.

In order to recover on an action for a breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, and damages. *K.M.H. v. Lutheran Gen. Hosp.*, 230 Neb. 269, 431 N.W.2d 606 (1988); *Department of Banking, Receiver v. Wilken*, 217 Neb. 796, 352 N.W.2d 145 (1984).

These are determinations of fact. An action for breach of contract and the recovery of money is an action at law. *White v. Medico Life Ins. Co.*, 212 Neb 901, 327 N.W.2d 606 (1982). In a bench trial of a law action, the trial court's factual findings have the effect of a verdict and will not be set aside on appeal unless they are clearly erroneous. *Nebraska Builders Products Co. v. Industrial Erectors, Inc.*, 239 Neb. 744, 478 N.W.2d 257 (1992).

After reviewing the record in the case at bar in light of the above rules, we find no reason to overturn any finding by the district court that no enforceable contract between the Bank and plaintiff on this matter existed. The only evidence presented by the Bank of such an agreement is a letter from its attorney to the attorney of plaintiff, which sets out the dollar amounts discussed above. There is no evidence on the record of acquiescence by plaintiff, nor is there any evidence of acquiescence by her attorney. The district court properly found that the alleged contract at bar did not rise to the level of a promise, applying the applicable standard of review. We affirm the district court's holding on this second issue.

## CONCLUSION

The issue of plaintiff's obligations under the mortgage and guaranty was controlled by the agreement entered into between plaintiff and the Bank on January 2, 1986. This agreement effectively settled the parties' rights as to the mortgage and its validity, and left only the enforceability of the guaranty at issue. The guaranty was unambiguous and made plaintiff liable in favor of the Bank for any liabilities owed by plaintiff's son, Richard Krzycki, up to $35,000.

As to the Bank's cross-appeal concerning plaintiff's liability to the Bank under discussions which took place in February of 1986, evidence adduced at trial in support of any such agreement does not rise to the standard of a contract enforceable against plaintiff.

The district court's holdings are therefore affirmed in all respects.

AFFIRMED.