Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/26/2019 09:07 AM CDT

Edward Wintroub, appellant, v.
Nationstar Mortgage LLC, appellee.

___ N.W.2d ___

Filed May 3, 2019.    No. S-18-142.

1. **Summary Judgment.** Summary judgment is to be granted when there
   is no genuine issue of material fact and the moving party is entitled to
   judgment as a matter of law.
2. ____. Summary judgment is proper only when the pleadings, deposi-
   tions, admissions, stipulations, and affidavits in the record disclose that
   there is no genuine issue as to any material fact or as to the ultimate
   inferences that may be drawn from those facts and that the moving party
   is entitled to judgment as a matter of law.
3. **Summary Judgment: Appeal and Error.** In reviewing a summary judg-
   ment, an appellate court views the evidence in a light most favorable to
   the party against whom the judgment is granted and gives such party the
   benefit of all reasonable inferences deducible from the evidence.
4. **Contracts.** The interpretation of a contract and whether the contract is
   ambiguous are questions of law subject to independent review.
5. **Mortgages.** The priority of a mortgage may be changed by agreement
   of the parties, rendering subordination agreements enforceable in mort-
   gages under Nebraska law.
6. **Contracts: Mortgages: Intent.** If an instrument executed by parties is
   intended by them as security for a debt, whatever may be its form or
   name, it is in equity a mortgage.
7. **Contracts: Mortgages: Words and Phrases.** As with the terms used
   in describing a mortgage, the Nebraska Supreme Court has repeatedly
   termed a purchaser's interest under an executory land contract as both a
   "security" and a "lien" upon the land.
8. **Contracts: Mortgages: Title: Liens.** Because a seller in a land contract
   retains the title as security for the unpaid purchase money and has an
   equitable lien on the land to the extent of the debt, a seller has, for all
   intents and purposes, a purchase-money mortgage.

9. **Contracts: Mortgages.** Subordination agreements are enforceable in land contracts.
10. ____: ____. Nebraska courts apply basic contract principles to determine the enforceability, validity, and meaning of a subordination agreement.
11. **Contracts.** In interpreting contracts, the court as a matter of law must first determine whether the contract is ambiguous.
12. **Contracts: Words and Phrases.** An instrument is ambiguous if a word, phrase, or provision in the instrument has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings.
13. **Contracts: Intent.** If a contract is unambiguous, the intent of the parties must be determined from the contents of the contract.

Appeal from the District Court for Douglas County: Peter C. Bataillon, Judge. Affirmed.

Melvin C. Hansen and Edward L. Wintroub for appellant.

Brian D. Nolan and Elizabeth Gasaway, of Nolan, Olson & Stryker, P.C., L.L.O., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.,

## NATURE OF CASE

Purchasers of property entered into a land contract with a seller-trust for the purchase of a residence. Both parties agreed to a provision in the contract that stated: "Until all amounts due hereunder are paid in full, this Land Contract shall be subordinated to any rights held by Seller's Lender." Subsequently, after the purchasers took possession, the seller-trust signed a promissory note and a deed of trust to a bank for a sum of money in order to pay a previously existing mortgage on the purchased property. The note and deed of trust were subsequently assigned to various entities, eventually being assigned to its current holder, a mortgage company who appears as the appellee in this case. At issue is whether the quoted provision in the land contract effectively subordinated the rights of the purchasers to the rights held by later assignees of the note and deed of trust.

## FACTS

Appellant, Edward Wintroub, filed an appeal from an order dated January 23, 2018, by the Douglas County District Court, which granted a motion for summary judgment in favor of appellee, Nationstar Mortgage LLC (Nationstar).

Wintroub and his wife entered into a purchase agreement with Landmark Enterprises on January 6, 2006, to purchase a residence being built by Landmark Enterprises on Harney Street in Omaha, Douglas County, Nebraska, for $610,000. At that time, the house had been under construction for about 1 year and the Wintroubs were involved in the design and construction decisions of this house.

On February 23, 2006, the house was completed and the Wintroubs entered into a land contract with the Steve Faller Revocable Trust (Faller Trust) to purchase the residence. On the same day and just prior to the transfer, Landmark Enterprises transferred its interest in this property to the Faller Trust.

Also on February 23, 2006, Steve Faller, as trustee of the Faller Trust, signed a promissory note to Lehman Brothers Bank for $488,000, which was used to pay the existing mortgage on the property with Great Western Bank and a construction lien. The Great Western Bank mortgage had been previously recorded with the Douglas County register of deeds in 2004.

On February 24, 2006, Faller, individually and as trustee of the Faller Trust, signed a deed of trust to Lehman Brothers Bank to secure the above-noted promissory note. The deed of trust was dated February 23, 2006. The deed of trust was filed and recorded with the Douglas County register of deeds on March 8.

The note and deed of trust were assigned to various entities, and the current holder of the note and deed of trust is Nationstar, the appellee in this case. Nationstar filed and recorded its assignment on September 25, 2012, with the Douglas County register of deeds.

According to the February 2006 land contract, the Faller Trust was the grantor of the property and the Wintroubs were the grantees. Pursuant to the terms of the contract, the Wintroubs were required to pay the contract price in full by March 1, 2008. The contract provided: "Until all amounts due hereunder are paid in full, this Land Contract shall be subordinated to any rights held by Seller's Lender." Timely payment was not made by the Wintroubs. Consequently, the parties entered into a new land contract with the same above-quoted provision on August 30, 2010. The new contract explicitly canceled the prior contract and required the Wintroubs to pay the full contract price by July 1, 2012. Timely payment was again not made by the Wintroubs. Neither of the land contracts was recorded.

The Faller Trust eventually defaulted on its loan, and based on this default, a sale of the property was scheduled for June 8, 2015. Wintroub filed suit to enjoin a trustee sale of the property, asserting that his claim to the property was superior to that of Nationstar. Nationstar moved for summary judgment.

Nationstar asserted four different legal theories in support of its motion for summary judgment. The lower court agreed that based on the evidence submitted at the hearing, there was no issue of fact that Nationstar had superior title as a result of the March 2006 deed of trust in favor of its predecessor, Lehman Brothers Bank. The court did not address Nationstar's other theories.

Wintroub argued that because he was in actual possession of the property, Nationstar had a duty to inspect the property to determine if someone was in actual possession of it. He relied on *Grand Island Hotel Corp. v. Second Island Development Co.*,[1] where we held that a purchaser is charged with notice of a tenant's right when the latter is in actual possession of the

---

[1] *Grand Island Hotel Corp. v. Second Island Development Co.*, 191 Neb. 98, 214 N.W.2d 253 (1974).

real estate at the time it is sold. This notice, Wintroub argued, would negate the original bank's status as a "good faith purchaser" under Nebraska's race-notice statute, see Neb. Rev. Stat. § 76-238 (Reissue 2018). In support of this argument, Wintroub submitted an affidavit that affirmed that he and his wife took possession of the property at issue on February 23, 2006.

Nationstar disagreed and argued that this inspection requirement applies only to a landlord-tenant situation, not a purchase-money mortgage transaction such as this one. Nationstar noted that Nebraska has never applied this requirement to the purchase and sale of private residential buildings.

Ultimately, the district court found that it need not determine whether the rule in *Grand Island Hotel Corp.* might apply in this case, because the two land contracts in question have a similar provision: "Until all amounts due hereunder are paid in full, this Land Contract shall be subordinated to any rights held by Seller's Lender(s)." The court held that this clearly meant that if there were any lenders of the Faller Trust, then those lenders take precedence over and rights or interest of Wintroub. In addition, the court found:

> Because the second Land contract cancelled the first Land Contract, the new interest of [Wintroub] began on August 30, 2010. Thus, the filing with the Register of Deeds of the Lehman Brothers mortgage in March of 2006 takes precedent over any priority the 2010 Land Contract provided to [Wintroub]. This precedence also extends to all of the assignees, which [Nationstar] is such an assignee.

As a result, the court sustained Nationstar's motion for summary judgment and dismissed the case accordingly. Wintroub appeals.

## ASSIGNMENT OF ERROR

Wintroub assigns that the district court erred in granting Nationstar's motion for summary judgment where genuine

issues of material fact, and the ultimate inferences that may be drawn from those facts, exist.

## STANDARD OF REVIEW

[1-3] Summary judgment is to be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[2] Under this court's standard of review, summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[3] In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.[4]

[4] The interpretation of a contract and whether the contract is ambiguous are questions of law subject to independent review.[5]

## ANALYSIS

On appeal, Wintroub contends that the district court erred in sustaining Nationstar's motion for summary judgment. Wintroub primarily argues that genuine issues of material fact remain as to (1) whether Wintroub's interest in the land, pursuant to the land contract, had priority over Nationstar's interest and (2) whether the subordination clause is enforceable against him.

[5-9] We have never specifically addressed the enforceability of subordination agreements in land contracts. However,

---

[2] *Vilcinskas v. Johnson*, 252 Neb. 292, 562 N.W.2d 57 (1997).

[3] *Id.*

[4] *Id.*

[5] *Timberlake v. Douglas County*, 291 Neb. 387, 865 N.W.2d 788 (2015).

we have held that the priority of a mortgage may be changed by agreement of the parties, rendering subordination agreements enforceable in mortgages under Nebraska law.[6] We have also noted that it is generally accepted that if an instrument executed by parties is intended by them as security for a debt, whatever may be its form or name, it is in equity a mortgage.[7] As with the terms used in describing a mortgage, this court has repeatedly termed a purchaser's interest under an executory land contract as both a "security" and a "lien" upon the land.[8] Further, as in a mortgage, the vendor under an installment land contract agrees to accept payments from the purchaser, generally by a series of installments over time, until the purchase price as established by the contract has been paid. When the contract price has been paid, the vendor must deliver a deed of title to the purchaser.[9] Based on these principles and observations, this court has uniformly recognized that because a seller in a land contract retains the title as security for the unpaid purchase money and has an equitable lien on the land to the extent of the debt, a seller has, for all intents and purposes, a purchase-money mortgage.[10] Therefore, it would follow that subordination agreements are enforceable in land contracts, as such agreements are enforceable in mortgages. We hold that generally, a subordination agreement set forth within a contract for the sale and purchase of land is enforceable.

[10-13] We turn next to the terms of the subordination agreement at issue in this case. In construing subordination agreements, many courts have frequently indicated that the principles and rules governing the construction, application, and enforceability of contracts apply to mortgage subordination

---

[6] See *Meek v. Gratzfeld*, 223 Neb. 306, 389 N.W.2d 300 (1986).

[7] *Mackiewicz v. J.J. & Associates*, 245 Neb. 568, 514 N.W.2d 613 (1994).

[8] *Id.*

[9] See *id*.

[10] *Id.*

agreements.[11] Nebraska courts take the same approach, applying basic contract principles to determine the enforceability, validity, and meaning of a subordination agreement.[12] In interpreting contracts, the court as a matter of law must first determine whether the contract is ambiguous.[13] An instrument is ambiguous if a word, phrase, or provision in the instrument has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings.[14] If a contract is unambiguous, the intent of the parties must be determined from the contents of the contract.[15] The interpretation of a contract and whether the contract is ambiguous are questions of law subject to independent review.[16]

Both the 2006 and the governing 2010 land contracts between the Wintroubs and the Faller Trust similarly provide: "Until all amounts due hereunder are paid in full, this Land Contract shall be subordinated to any rights held by the Seller's Lender(s)." Applying the foregoing rules of construction or interpretation of a document, we conclude that this subordination clause is unambiguous. Indeed, Wintroub does not assert otherwise. With regard to the relevant contract property, the above-quoted subordination clause plainly means that the rights of any existing lenders of the Faller Trust would take precedence over the Wintroubs' rights or interest in the property until the Wintroubs have paid the contract price "in full."

The Faller Trust's first lender after the 2006 land contract was Lehman Brothers Bank. Any interest or rights that the

---

[11] See, e.g., *In re Stambaugh*, 532 B.R. 572 (2015); *Wells Fargo Bank, NA v. SBC IV REO, LLC*, 318 Mich. App. 72, 896 N.W.2d 821 (2016); *KeyBank Natl. v. Southwest Greens of Ohio*, 2013 Ohio 1243, 988 N.E.2d 32 (2013).

[12] See, *Meek v. Gratzfeld, supra* note 6; *Reitz v. Petersen*, 131 Neb. 706, 269 N.W. 811 (1936).

[13] *Porter v. Smith*, 240 Neb. 928, 486 N.W.2d 846 (1992).

[14] *Id.*

[15] *Id.*

[16] *Timberlake v. Douglas County, supra* note 5.

Wintroubs may have had pursuant to the 2006 land contract were subordinated to the lien of Lehman Brothers Bank, which would pass to its successors and assignees, which now includes Nationstar.

Wintroub does not argue that he paid the amounts due and owing as required by the land contract. There is no evidence in the record suggesting a material issue of whether Wintroub has paid the amounts due and owing as required by the land contract. Wintroub simply argues on appeal that he has "equitable title" pursuant to the land contract and Nebraska law. Wintroub fails to explain how having an "equitable title" affects the enforcement of the plain language of the subordination clause.

Even viewing the evidence in the light most favorable to Wintroub and giving him the benefit of all reasonable inferences deducible from the evidence, we find no genuine issues of material fact remaining in this case. As such, the district court did not err in granting Nationstar's motion for summary judgment.

We note, as the court below correctly ascertained, that the merits of any additional issues or arguments raised by the parties on appeal need not be addressed or determined; the unambiguous terms of the subordination clause expressly apply and govern in this case. There is no genuine issue that under the subordination clause, Nationstar's mortgage has priority over Wintroub's interest.

## CONCLUSION

Based on the analysis above, we find that the district court did not err in sustaining Nationstar's motion for summary judgment. We therefore affirm the decision of the district court.

AFFIRMED.