Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/01/2019 09:07 AM CDT

Fo Ge Investments LLC, appellant, v. First American
Title and First American Title Insurance
Company, appellees.

___ N.W.2d ___

Filed October 1, 2019.    No. A-18-693.

1. **Summary Judgment.** Summary judgment is to be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

2. ____. Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

3. **Summary Judgment: Appeal and Error.** In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.

4. **Insurance: Contracts.** An insurance policy should be considered as any other contract and be given effect according to the ordinary sense of the terms used, and if they are clear they will be applied according to their plain and ordinary meaning.

5. **Appeal and Error.** An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the controversy before it.

6. **Insurance: Contracts: Claims: Proof.** To establish a claim for bad faith, a plaintiff must show an absence of a reasonable basis for denying the benefits of the insurance policy and the insurer's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim.

7. **Title: Insurance: Agents.** Title insurance companies and their agents are required to exercise the degree of skill and knowledge normally possessed by members of the profession in good standing concerning preliminary title information which is transmitted to their customers.

- 672 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
FO GE INVESTMENTS v. FIRST AMERICAN TITLE
Cite as 27 Neb. App. 671

8. **Summary Judgment: Motions for Continuance: Affidavits.** As a prerequisite for a continuance, additional time, or other relief, a party is required to submit an affidavit stating a reasonable excuse or good cause for the party's inability to oppose a summary judgment motion.

9. **Summary Judgment: Motions for Continuance.** In ruling on a request for a continuance or additional time in which to respond to a motion for summary judgment, a court may consider the complexity of the lawsuit, the complications encountered in litigation, and the availability of evidence justifying opposition to the motion.

10. **Motions for Continuance: Appeal and Error.** A trial court's grant or denial of a continuance will be reviewed for an abuse of discretion.

Appeal from the District Court for Douglas County: J. Michael Coffey, Judge. Affirmed.

Douglas W. Ruge, of Douglas W. Ruge & Associates, P.C., L.L.O., for appellant.

Brian D. Nolan and Elizabeth Gasaway, of Nolan, Olson & Stryker, P.C., L.L.O., for appellees.

Riedmann, Arterburn, and Welch, Judges.

Arterburn, Judge.

## I. INTRODUCTION

Fo Ge Investments LLC (FoGe) appeals from an order granting summary judgment in favor of First American Title and First American Title Insurance Company (collectively First American), which order was entered by the district court for Douglas County. FoGe contends that there are questions of material fact with respect to its breach of contract and negligence claims and that summary judgment was premature. For the reasons that follow, we affirm the district court's order granting summary judgment in favor of First American.

## II. BACKGROUND

FoGe purchased three tracts of real estate located in Council Bluffs, Iowa, from Legacy Group, L.L.C. Manager Ryan Barry signed the sales contract on behalf of Legacy Group on

- 673 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
FO GE INVESTMENTS v. FIRST AMERICAN TITLE
Cite as 27 Neb. App. 671

September 25, 2006. The sales contract included a provision regarding an existing loan involving Barry:

2) Title to be conveyed "subject to" the existing loan with First National Bank of Wahoo, Nebraska. Seller to pay all installments due on or before the closing, in addition to pro-rations as set forth above. Buyer to make payments following the closing, but Seller not to be released from liability under the subject loan. The exact principal balance remaining to be paid, after deducting the principal portion([s]) of any payments now due, as shall be paid by the Seller, is estimated at between $250,000 . . . and $251,000 . . . , in which range the Buyer finds acceptable, excepting that no advances or add-ons to the subject loan shall be made prior to closing.

This existing loan was reflected by a $272,000 promissory note dated August 7, 2002, between Barry, as borrower, and First National Bank of Wahoo, as lender. A purchase money mortgage was executed between Barry and First National Bank of Wahoo on the same date.

First American conducted a title search with respect to the subject property and issued a title commitment to FoGe effective August 31, 2006. The commitment set forth specific exclusions from coverage, including, "14. Mortgage executed by . . . Barry, in favor of First National Bank of Wahoo, dated August 7, 2002, filed August 21, 2002 in Book 103 at Page 13626, Records, Pottawattamie County, Iowa, securing the principal amount of $272,000.00. (Parcels 1, 2, and 3)[.]" Thereafter, First American issued a title insurance policy to FoGe, which was dated January 29, 2007. On the first page, the policy states, in part:

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, FIRST AMERICAN TITLE INSURANCE COMPANY . . . [i]nsures, as of Date

- 674 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
27 NEBRASKA APPELLATE REPORTS
FO GE INVESTMENTS v. FIRST AMERICAN TITLE
Cite as 27 Neb. App. 671

of Policy . . . against loss or damage . . . sustained or incurred by the insured by reason of:

. . . .

2. Any defect in or lien or encumbrance on the title[.]

In "Schedule B," the policy set forth "Special Exceptions" from coverage, including, "13. Mortgage executed by . . . Barry, in favor of First National Bank of Wahoo, dated August 7, 2002, filed August 21, 2002 in Book 103 at Page 13626, Records, Pottawattamie County, Iowa, securing the principal amount of $272,000.00. (Parcels 1, 2, and 3)[.]" The policy also included other exclusions from coverage, including, "3. Defects, liens, encumbrances, adverse claims or other matters: (a) created suffered, assumed or agreed to by the insured claimant[.]" Additionally, the policy contained conditions and stipulations, including, in relevant part:

**3. NOTICE OF CLAIM TO BE GIVEN BY INSURED CLAIMANT.**

The insured shall notify the Company promptly in writing . . . (ii) in case knowledge shall come to an insured hereunder of any claim of title or interest which is adverse to the title to the estate or interest, as insured, and which might cause loss or damage for which the Company may be liable by virtue of this policy . . . . If prompt notice shall not be given to the Company, then as to the insured all liability of the Company shall terminate with regard to the matter or matters for which prompt notice is required; provided, however, that failure to notify the Company shall in no case prejudice the rights of any insured under this policy unless the Company shall be prejudiced by the failure and then only to the extent of the prejudice.

A promissory note dated December 7, 2006, shows that Barry again borrowed from First National Bank of Wahoo, this time for the sum of $31,469. The promissory note shows that this debt was secured by the assignment of a life insurance policy.

- 675 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
27 NEBRASKA APPELLATE REPORTS
FO GE INVESTMENTS v. FIRST AMERICAN TITLE
Cite as 27 Neb. App. 671

According to the complaint filed at the inception of the case and the affidavit of Marvin Thomason, the managing member of FoGe, submitted in opposition to the motion for summary judgment, Barry made payments on the second promissory note of $31,469 for many years before eventually defaulting. Upon Barry's default, First National Bank of Wahoo foreclosed on the subject property, citing the mortgage's cross-default provisions according to Thomason. The district court for Pottawattamie County, Iowa, entered an order foreclosing on the subject property on July 11, 2016, holding that all right, title, and interest of First National Bank of Wahoo was senior and superior to any right, title, or interest held by FoGe. We note that the foreclosure decree does not indicate that the nonpayment of the second note or any cross-default provision was the basis for finding that a default had occurred. The Iowa court cited only the original 2002 note and mortgage as being in default. Approximately 1 year after the foreclosure decree was entered, FoGe notified First American by letter dated July 28, 2017, that it believed First American was required to indemnify FoGe for any losses or defense of title in the foreclosure matter.

On October 16, 2017, FoGe filed a complaint against First American in the district court for Douglas County, asserting breach of contract and negligence claims. FoGe alleged that First American refused to ensure marketable title and acted in bad faith in not defending title. FoGe also alleged that First American was negligent in not discovering the December 2006 loan.

First American filed a motion for summary judgment on April 3, 2018. At a hearing on the motion for summary judgment on May 14, five exhibits were admitted and the parties stipulated to the admission of a sixth exhibit at a later time. Exhibit 1 is an affidavit of First American's senior claims counsel with the commitment for title insurance and the policy of title insurance attached. Exhibit 2 is the foreclosure decree entered by the Iowa court. Exhibit 3 is the claim letter sent by

- 676 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
FO GE INVESTMENTS v. FIRST AMERICAN TITLE
Cite as 27 Neb. App. 671

FoGe's counsel to First American on July 28, 2017. Exhibits 4 and 6 are affidavits signed by Thomason, the managing member of FoGe. Attached to exhibit 4 is the original 2002 promissory note and mortgage between Barry and First National Bank of Wahoo, the 2006 promissory note from Barry to First National Bank of Wahoo, and an additional copy of the title insurance policy. Attached to exhibit 6 is First American's response dated September 19, 2017, to FoGe's claim. Exhibit 5 consists of the affidavit of FoGe's counsel with an attachment that includes answers to discovery requests and documents attached thereto.

At the close of the hearing, the parties made brief arguments and reserved time to submit briefs. On June 14, 2018, the court entered summary judgment and dismissed FoGe's complaint with prejudice. In a one-page order, the court found that "no genuine issues of material fact exist and, therefore, the motion for summary judgment of [First American] should be sustained." The court then dismissed the complaint with prejudice.

FoGe appeals from the entry of summary judgment.

### III. ASSIGNMENTS OF ERROR

FoGe assigns, restated, that the district court erred in entering summary judgment in favor of First American when questions of material fact existed with respect to its breach of contract and negligence claims. FoGe also assigns that summary judgment was premature.

### IV. STANDARD OF REVIEW

[1-3] Summary judgment is to be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Wintroub v. Nationstar Mortgage*, 303 Neb. 15, 927 N.W.2d 19 (2019). Under this standard of review, summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to

- 677 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
FO GE INVESTMENTS v. FIRST AMERICAN TITLE
Cite as 27 Neb. App. 671

any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id*. In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id*.

## V. ANALYSIS

### 1. Breach of Contract Claims

FoGe argues that the district court erred in granting summary judgment in favor of First American on its breach of contract claims. Specifically, FoGe argues that questions of material fact exist with respect to First American's obligation to provide coverage under the plain language of the insurance policy, the adequacy and timing of FoGe's notice to First American, and whether First American denied coverage in bad faith.

### (a) First American's Contractual Obligation

FoGe first contends that a question of material fact exists with respect to First American's obligation to perform under the plain language of the insurance policy and whether First American breached that agreement by not compensating FoGe for its losses incurred through foreclosure. In response, First American argues that policy exceptions and exclusions apply, warranting its nonperformance.

The title insurance policy issued by First American included a provision excluding coverage for losses incurred with respect to the "Mortgage executed by . . . Barry, in favor of First National Bank of Wahoo, dated August 7, 2002 . . . ." Thus, it is clear from the policy's plain language that First American had no obligation to compensate FoGe for losses with respect to the mortgage.

However, FoGe contends that the foreclosure was not due to any default on the 2002 note that was secured by the

- 678 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
FO GE INVESTMENTS v. FIRST AMERICAN TITLE
Cite as 27 Neb. App. 671

mortgage, but, rather, was due to Barry's default on the 2006 note. FoGe contends that a cross-default provision in the mortgage allowed First National Bank of Wahoo to foreclose based on Barry's default. FoGe argues that the policy does not include a specific exception or exclusion referencing this second promissory note and that, by extension, First American therefore insured against loss or damage arising from that second note, namely the loss incurred by virtue of the foreclosure under the alleged cross-default provision contained in the original mortgage. We note that this second debt was not secured by the subject property under the terms of the note itself, however. Instead, the only security mentioned is a life insurance policy. Nevertheless, FoGe alleges that Barry's eventual default on the 2006 promissory note allowed First National Bank of Wahoo to foreclose on the property by virtue of a cross-default provision contained within the August 2002 mortgage.

We first note that it is questionable whether the record provided actually supports FoGe's argument. Although the affidavit of Thomason states that the basis for the foreclosure was the default by Barry on the 2006 promissory note and the cross-default clause contained in the mortgage, the foreclosure decree entered by the Iowa court makes no reference to such a basis. In fact, the decree references a principal balance of $464,690.71 on the 2002 note, with additional accrued interest due of $87,390.12 as the debt owed. Moreover, it is difficult to discern from the mortgage itself where the alleged cross-default provision is located. This may be due to the poor quality of the copy of the mortgage attached to the exhibits.

[4] Even if we accept Thomason's allegations as true, however, summary judgment would still be proper in favor of First American. An insurance policy should be considered as any other contract and be given effect according to the ordinary sense of the terms used, and if they are clear they will be applied according to their plain and ordinary meaning. *Allstate Ins. Co. v. Farmers Mut. Ins. Co.*, 233 Neb.

- 679 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
FO GE INVESTMENTS v. FIRST AMERICAN TITLE
Cite as 27 Neb. App. 671

248, 444 N.W.2d 676 (1989). Here, the title insurance policy clearly excluded any loss or damage which arose by reason of the mortgage executed by Barry in favor of First National Bank of Wahoo, which mortgage was dated August 7, 2002. That mortgage is the instrument upon which foreclosure was granted by the Iowa court.

FoGe argues that because the language of the exception specifically provides that the mortgage secures the principal amount of $272,000, the amount of the original 2002 note, it does not apply to the 2006 note, which was in the amount of $31,469. We disagree. Even if a default on the 2006 note was the basis for foreclosure, it was still the 2002 mortgage that was being foreclosed. That mortgage was a known lien at the time the title insurance policy was issued and a specific exception was made. The language that identified $272,000 as being the principal amount secured merely gives a more specific description of the mortgage. It does not limit in any way what is being excluded. The 2002 mortgage was foreclosed, and the exception in the policy applied to that mortgage. As such, the district court correctly found that no material issue of fact existed as to the contract claim and granted summary judgment to First American.

### (b) FoGe's Notice to First American

[5] Having found above that First American was entitled to summary judgment on FoGe's contract claim, we need not address whether FoGe's failure to provide First American with notice of the foreclosure action was prejudicial to First American's interests. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the controversy before it. *City of Sidney v. Municipal Energy Agency of Neb.*, 301 Neb. 147, 917 N.W.2d 826 (2018).

### (c) Bad Faith Denial of Coverage

[6] FoGe next argues that First American denied coverage in bad faith. First American argues that it cannot be held liable in

- 680 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
FO GE INVESTMENTS v. FIRST AMERICAN TITLE
Cite as 27 Neb. App. 671

an action based on bad faith, because it had multiple reasonable bases to deny FoGe's claim. To establish a claim for bad faith, a plaintiff must show an absence of a reasonable basis for denying the benefits of the insurance policy and the insurer's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim. *Williams v. Allstate Indemnity Co.*, 266 Neb. 794, 669 N.W.2d 455 (2003). First American's denial of FoGe's claim reflects the issues discussed herein, particularly the exclusion of the 2002 mortgage. Because FoGe did not show an absence of a reasonable basis for First American's denying benefits of the insurance policy, FoGe cannot establish a claim for bad faith. Accordingly, summary judgment of FoGe's breach of contract claims was appropriate.

## 2. Negligence Claim

[7] FoGe contends that the district court erred in entering summary judgment with respect to its negligence claim against First American for failing to discover and report the second loan that Barry obtained. We disagree. Title insurance companies and their agents are required to exercise the degree of skill and knowledge normally possessed by members of the profession in good standing concerning preliminary title information which is transmitted to their customers. See *Tess v. Lawyers Title Ins. Corp.*, 251 Neb. 501, 557 N.W.2d 696 (1997). However, this duty is not that of a guarantor, but instead is a duty of reasonable care. See *id*.

Here, the second loan, taken out shortly before the title commitment was made, by its own terms was not secured by the subject property. It was simply a promissory note. Moreover, according to the affidavit of Thomason, he became aware of Barry's need for the 2006 loan prior to the closing of the sale. According to Thomason, Barry needed the loan to pay off past due property taxes. Thomason "made it clear" that FoGe would not pay the taxes. According to Thomason, Barry then obtained the needed loan from First National Bank of Wahoo. Therefore, it is clear FoGe was aware of the 2006

- 681 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
FO GE INVESTMENTS v. FIRST AMERICAN TITLE
Cite as 27 Neb. App. 671

loan, as well as the existing 2002 loan, that it was assuming payments on and the mortgage which secured it. The title to the subject property was identified as being subject to the disclosed mortgage. On these facts, we, like the district court, can find no basis for finding that a material issue of fact exists as to any breach of duty on First American's part.

### 3. Timing of Entry of Order on Summary Judgment

FoGe argues that the court prematurely entered summary judgment while it was attempting to locate title and escrow files and secure a standard of care expert witness with respect to the second loan. First American argues in reply that summary judgment was timely entered because it was clear from the face of the pleadings that FoGe could not establish its claims. We find that the timing of summary judgment in this matter was not improper.

[8-10] Neb. Rev. Stat. § 25-1335 (Reissue 2016) safeguards against an improvident or premature grant of summary judgment:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

As a prerequisite for a continuance, additional time, or other relief, a party is required to submit an affidavit stating a reasonable excuse or good cause for the party's inability to oppose a summary judgment motion. See *Gaytan v. Wal-Mart*, 289 Neb. 49, 853 N.W.2d 181 (2014). The affidavit need not contain evidence going to the merits of the case, but must explain why the party is presently unable to offer evidence essential to justify opposition to the motion for summary judgment. *Id*. In ruling on a request for a continuance or additional

- 682 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
FO GE INVESTMENTS v. FIRST AMERICAN TITLE
Cite as 27 Neb. App. 671

time in which to respond to a motion for summary judgment, a court may consider the complexity of the lawsuit, the complications encountered in litigation, and the availability of evidence justifying opposition to the motion. *Id*. The court may also consider whether the party has been dilatory in completing discovery and preparing for trial. *Id*. A trial court's grant or denial of a continuance will be reviewed for an abuse of discretion. *Id*.

An affidavit signed by counsel for FoGe stated that a grant of summary judgment would be premature because FoGe had not yet received from First American a copy of the title and closing files maintained by First American. However, the affidavit does not describe why the title and escrow files were necessary to defend against First American's motion for summary judgment. Additionally, the affidavit noted that FoGe would want to depose the "Defendants," although the affidavit did not indicate which specific persons were sought for depositions. The affidavit also stated that FoGe was in the process of interviewing standard of care experts with respect to its negligence claim against First American. Thus, through affidavit, FoGe did raise issues encompassed by § 25-1335. We note that FoGe did not file an actual motion to continue or make an oral motion on the record.

Above, we found that FoGe's negligence claim is not supported by the record, particularly given FoGe's own knowledge of the language contained in the 2006 promissory note and the 2002 mortgage. As such, we cannot find that FoGe's request seeking additional time to find a standard of care expert to support its negligence claim was good cause for its inability to oppose the summary judgment motion. FoGe's claim that it needed a copy of the title and closing files from First American did not persuade the district court, because the court entered summary judgment notwithstanding FoGe's affidavit. Neither in its affidavit nor briefs on appeal did FoGe elucidate what additional information it thought could be found in the files that would support its negligence claims. An affidavit

- 683 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
FO GE INVESTMENTS v. FIRST AMERICAN TITLE
Cite as 27 Neb. App. 671

"should specifically identify the relevant information that will be obtained with additional time and indicate some basis for the conclusion that the sought information actually exists." *Lombardo v. Sedlacek*, 299 Neb. 400, 416-17, 908 N.W.2d 630, 643 (2018). Accordingly, we find that the district court did not abuse its discretion in not continuing the matter and, instead, entering summary judgment.

## VI. CONCLUSION

Based on the record presented on appeal, we find no error in the district court's findings that no issues of material fact existed and that First American's motion for summary judgment ought to be sustained. We also find that the district court did not abuse its discretion by entering its order on summary judgment without allowing additional time for discovery.

Affirmed.