Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/05/2020 08:08 AM CDT

- 278 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
SILVERLEAF INVESTMENTS v. DEVASTATOR REAL ESTATE
Cite as 28 Neb. App. 278

Silverleaf Investments, LLC, a Nebraska limited
liability company, appellee, v. Devastator
Real Estate, LLLP, a South Dakota
limited liability partnership,
appellant.

___ N.W.2d ___

Filed April 28, 2020.   No. A-19-509.

1. **Summary Judgment.** Summary judgment is to be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

2. ____. Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

3. **Summary Judgment: Appeal and Error.** In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.

4. **Contracts.** A court interpreting a contract must first determine as a matter of law whether the contract is ambiguous.

5. ____. A contract written in clear and unambiguous language is not subject to interpretation or construction and must be enforced according to its terms.

6. **Contracts: Real Estate: Time.** In an ordinary contract for the sale of real estate, time is not of the essence unless provided in the agreement itself or is clearly manifested by the agreement construed in the light of surrounding circumstances.

7. **Contracts: Time.** In a contract where time is not of the essence, performance must be within a reasonable time.

8.  \_\_\_\_ : \_\_\_\_. When a contract expressly provides for a specific closing date, performance is normally due within a reasonable time after the date mentioned.

Appeal from the District Court for Douglas County: J Russell Derr, Judge. Affirmed.

Douglas W. Ruge for appellant.

Robert F. Peterson and Kathleen M. Foster, of Peterson & Foster Law, for appellee.

Moore, Chief Judge, and Arterburn and Welch, Judges.

Arterburn, Judge.

## INTRODUCTION
Silverleaf Investments, LLC (Silverleaf), brought an action against Devastator Real Estate, LLLP (Devastator), after Devastator terminated an agreement for the purchase of real property. The district court for Douglas County entered summary judgment in favor of Silverleaf, and Devastator now appeals from the entry of that order. For the reasons that follow, we affirm the district court's order entering summary judgment.

## BACKGROUND
On June 4, 2018, the parties executed a "Uniform Commercial Purchase Agreement" for Devastator's purchase of real property located in Omaha, Nebraska, from Silverleaf. Paragraph 6 of the agreement specified that Devastator would pay an initial deposit of $50,000 that would be applied to the overall purchase price of $1,585,000. It also detailed the consequences should Devastator terminate the agreement:

> In the event that [Devastator] cancels this agreement, in writing, before the end of the time period specified in paragraph 7 the Deposit will be returned to [Devastator]. In the event of refusal or failure of [Devastator] to consummate the purchase, after all applicable conditions specified in paragraph 7 have been met or waived,

- 280 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
SILVERLEAF INVESTMENTS v. DEVASTATOR REAL ESTATE
Cite as 28 Neb. App. 278

[Silverleaf] will retain the Deposit as its liquidated damages for failure to carry out the agreement of sale.

Paragraph 7 of the agreement gave Devastator the right to make a complete inspection of the property within 30 days after the agreement's effective date and the sole discretion to terminate the agreement and recoup its deposit if it determined the property's condition was unacceptable. Paragraph 7 further delineated eight specific conditions that were to occur within the first 10 days after the agreement's effective date. The eight conditions in this due diligence provision called for Silverleaf to provide various disclosures and documentation regarding title insurance, surveys and plats, environmental reports, leases, zoning information, permits, sanitary improvement districts, and profit and loss reports or income and expense reports. If each of those eight conditions was not satisfied during that time period, then the agreement "shall be null and void, and any Deposit returned to [Devastator]." The agreement set July 26, 2018, as the "[a]pproximate closing date."

Silverleaf's selling agent, Seth Campbell, stated in an affidavit that he had provided to Devastator the required disclosures pursuant to paragraph 7 of the agreement. He specifically stated that all information available to Silverleaf as referenced by paragraph 7 was provided to Devastator's real estate agent. Campbell stated that Silverleaf was ready to close the sale of the property on July 26, 2018, and noted that there were no defects in the title as of that date. However, according to Campbell, Devastator ceased communications and refused to close the purchase. Campbell stated, "I am aware that the Purchase Agreement did not have a contingency for financing and that, in the event of [Devastator's] refusal to close, the earnest deposit was to be forfeited to [Silverleaf]."

Brian Wragge, who represented Devastator in the transaction, stated in an affidavit that the due diligence period provided by paragraph 7 existed in order for Devastator to obtain financing for the purchase. He said that the reason Devastator

- 281 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
SILVERLEAF INVESTMENTS v. DEVASTATOR REAL ESTATE
Cite as 28 Neb. App. 278

requested financial information and other disclosures from
Silverleaf was so that it could be provided to Devastator's pro-
spective lenders. Wragge stated that Devastator attempted to
secure financing throughout June and July 2018 and, at lend-
ers' prompting, requested further information from Silverleaf
regarding the property's income. According to Wragge,
Campbell and he were in communication on behalf of their
clients through the latter part of July. Wragge stated that
Silverleaf expressed frustration with the delay in closing on
July 26 and, for the first time, demanded an immediate clos-
ing. From that time and through August 2, the parties were
negotiating an extension agreement according to Wragge.
Wragge stated that Devastator "then terminated the purchase
agreement and sent a form requesting the deposit be returned"
after a bank denied a loan on July 30. The bank's denial letter
regarding Devastator's loan application listed the reasons for
denial as "[d]elinquent past or present credit obligations with
others" and "[u]nable to verify income."

On August 10, 2018, Silverleaf filed a complaint against
Devastator, alleging that Devastator's failure to close the
purchase was a breach of their purchase agreement, which
entitled it to retain Devastator's $50,000 deposit. Devastator
then filed an answer and counterclaim on October 9, which
sought dismissal of Silverleaf's claim. Additionally Devastator
sought to recoup the $50,000 deposit it paid, contending that
Silverleaf breached their purchase agreement and did not act
in good faith.

On March 7, 2019, Silverleaf filed a motion for summary
judgment. The court heard arguments on the motion on April
22, during which nine exhibits were admitted, including the
affidavits from Campbell and Wragge. The court entered an
order granting summary judgment in favor of Silverleaf on
April 25. The court determined that the agreement included
no provision making closing contingent on Devastator's first
securing financing. It further determined that Devastator ter-
minated the agreement after its option under paragraph 7 to

- 282 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
SILVERLEAF INVESTMENTS v. DEVASTATOR REAL ESTATE
Cite as 28 Neb. App. 278

retain the security deposit expired, that deadline being July 4, 2018. Thus, the court concluded that Devastator's termination of the purchase agreement entitled Silverleaf to retain the $50,000 security deposit, and the court accordingly entered summary judgment in Silverleaf's favor.

Devastator now appeals.

## ASSIGNMENTS OF ERROR

Devastator assigns, restated and consolidated, that the district court erred in granting summary judgment without first deciding whether time was of the essence with respect to the purchase agreement's due diligence date and whether, by its conduct, Silverleaf waived its right to, or was equitably estopped from, strict enforcement of the agreement's 30-day provision.

## STANDARD OF REVIEW

[1-3] Summary judgment is to be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Wintroub v. Nationstar Mortgage*, 303 Neb. 15, 927 N.W.2d 19 (2019). Under this standard of review, summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id*. In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id*.

## ANALYSIS

[4,5] A court interpreting a contract must first determine as a matter of law whether the contract is ambiguous. *Davenport Ltd. Partnership v. 75th & Dodge I, L.P.*, 279 Neb. 615, 780 N.W.2d 416 (2010). A contract written in clear and unambiguous

- 283 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
28 NEBRASKA APPELLATE REPORTS
SILVERLEAF INVESTMENTS v. DEVASTATOR REAL ESTATE
Cite as 28 Neb. App. 278

language is not subject to interpretation or construction and must be enforced according to its terms. *Id*.

[6-8] Case law states that in an ordinary contract for the sale of real estate, time is not of the essence unless provided in the agreement itself or is clearly manifested by the agreement construed in the light of surrounding circumstances. *Pettit v. Paxton*, 255 Neb. 279, 583 N.W.2d 604 (1998). Where time is not of the essence, performance must be within a reasonable time. *Id*. When a contract expressly provides for a specific closing date, performance is normally due within a reasonable time after the date mentioned. *Id*.

*Time of Essence.*

Devastator argues that the parties' agreement did not provide that time was of the essence and that their conduct showed that "they did not intend for strict adherence to a 30 day time period" as provided by paragraph 7 of the agreement. Brief for appellant at 11. Devastator argues that "in the absence of time being of the essence, the 30 day time specified in the contract was to be performed within a reasonable time." *Id*. In essence, Devastator is arguing that the agreement's paragraph 7, which provided 30 days during which Devastator could terminate the agreement and retain its security deposit, was ambiguous—and that, somehow, we ought to understand that the agreement's meaning of "30 days" was actually "a reasonable time" rather than the commonly understood quantity of 24-hour periods. We disagree.

Devastator urges us to rely on *Pettit v. Paxton, supra*, and to analogize the 30-day provision to a closing date in an agreement where time was not of the essence. Notably, however, Devastator does not cite to a case where our courts have previously extended the rationale in such a way, and we have found no authority in Nebraska for Devastator's proposition. In this case, the language of the contract is clear and unambiguous as to the timeframe to which Devastator needed to adhere in order to avoid the possible forfeiture of the deposit. There is nothing in the language of the agreement that implies that

- 284 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
28 NEBRASKA APPELLATE REPORTS
SILVERLEAF INVESTMENTS v. DEVASTATOR REAL ESTATE
Cite as 28 Neb. App. 278

the due diligence date set is uncertain. In contrast, the parties clearly intended the closing date to be a "soft" date. Paragraph 11 describes July 26, 2018, as the "[a]pproximate closing date." Therefore, where the parties wished to list a "soft" date, they did so specifically. However, we see no similar intent in the language of paragraphs 6 and 7.

Paragraph 6 provides that if Devastator cancels the agreement, in writing, before the end of the period specified in paragraph 7, it is entitled to a refund of its deposit. Paragraph 7 provided Devastator "Thirty (30) days after the Effective Date of this Agreement" to make its inspection of the premises and review the materials required to be provided by Silverleaf. During that time period, Devastator, in its "sole discretion," could terminate the agreement and obtain the return of the deposit if it found the property unacceptable.

Unlike the "[a]pproximate closing date" found in paragraph 11, the language of paragraphs 6 and 7 is firm. The parties could have utilized "soft" language in paragraphs 6 and 7 but chose not to do so. As a result, construing the four corners of the contract, we find that the language of the due diligence clause clearly and unambiguously required Devastator to complete its due diligence within 30 days if it wished to obtain a refund of its deposit. Based on the unambiguous language contained in this agreement, we cannot find that a "time is of the essence" clause was necessary to enforce the 30-day due diligence deadline.

By Wragge's own admission, Devastator terminated the agreement after it was unable to secure financing from a bank on July 30, 2018. The parties' agreement was executed on June 4. While Wragge's affidavit indicates that additional information was requested from Silverleaf, there is no allegation that Silverleaf failed to satisfy the eight conditions set forth by paragraph 7. Moreover, Campbell stated in his affidavit that he provided the required disclosures to Devastator in accordance with paragraph 7. At most, Devastator argues that it requested "more clarity on the income[] and expressed additional issues"

- 285 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
SILVERLEAF INVESTMENTS v. DEVASTATOR REAL ESTATE
Cite as 28 Neb. App. 278

beyond paragraph 7's eight specific conditions. Reply brief for appellant at 4. The uncontroverted evidence before us shows that Devastator terminated the agreement more than 30 days after it was signed and that Silverleaf had fulfilled the conditions under paragraph 7 as required. Therefore, pursuant to the plain language of the contract, Silverleaf was entitled to retain the security deposit.

*Waiver and Estoppel.*

Devastator also argues that Silverleaf waived its right to insist on strict performance of the 30-day provision by continuing to cooperate with Devastator's attempts to secure financing after 30 days. In addition, or perhaps alternatively, Devastator argues that Silverleaf's conduct equitably estops it from enforcing the 30-day provision. These arguments are both predicated on Devastator's effort to link its efforts to secure financing to the inspection period. Devastator's right to inspect the property and then terminate the agreement and retain its deposit within 30 days existed separate of any financing matters. The plain terms of paragraph 7 of the agreement required Silverleaf to turn over certain documents within 10 days of the agreement's effective date. Campbell's unrebutted statement in his affidavit was that he provided all of the required documentation to Devastator. Beyond that, Silverleaf's cooperation with Devastator's efforts to obtain financing through the agreement's approximate closing date of July 26, 2018, appears to have been done in good faith and cannot be understood to waive or otherwise equitably estop enforcement of the terms of their agreement.

As the district court's order granting summary judgment notes, "[Devastator's] arguments might be well taken if it was [Silverleaf] that terminated the Agreement when [Devastator] was not able to close by July 26, 2018." But it was Devastator that terminated the agreement. The agreement unambiguously addressed the consequences of Devastator's termination more than 30 days after the contract was entered. Silverleaf provided the requisite disclosures under paragraph 7. While Silverleaf

- 286 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
28 NEBRASKA APPELLATE REPORTS
SILVERLEAF INVESTMENTS v. DEVASTATOR REAL ESTATE
Cite as 28 Neb. App. 278

did not immediately seek forfeiture of the deposit upon the expiration of the 30 days, the record in no way indicates that it waived its ability to do so or engaged in behavior that would give rise to a defense of equitable estoppel. Silverleaf did not seek the deposit until Devastator terminated the agreement. Based on our record, particularly the affidavits of Campbell and Wragge, there exists no material issue of fact regarding the proper recipient of the $50,000 deposit. The district court correctly found that Silverleaf is entitled to judgment as a matter of law.

## CONCLUSION

Based on the foregoing, we conclude that the district court correctly entered summary judgment in favor of Silverleaf and awarded it the $50,000 deposit. We therefore affirm the order of the district court.

AFFIRMED.